# Miller, Appellant, *v.* James Smith Woolen Machinery Company.

*Contract—Warranty—Breach of warranty—Intention—Burden of proof —Evidence.*

Where in an action to recover the price of a machine built to order and warranted to do a particular work, the defendant sets up a breach of warranty, the burden is upon him to establish the breach. In such a case the defendant is entitled to have his defense submitted to a jury,

where he shows by several witnesses that the machine did not do the work it was warranted to do and that it failed to do so by reason of its being constructed upon a wrong principle, rather than because of any defect in its construction.

Where in such a case plaintiff alleges performance of the contract, he cannot at the trial properly or consistently set up any facts by way of excuse of performance.

Where a contractor has furnished a machine capable of doing the work which it is warranted to do, the purchaser cannot defeat an action for the recovery of the price of the machine by showing that the contractor in the ·letter which set forth the terms of the contract made certain false statements as to his experience in manufacturing machines of the type in question.

*Practice, C. P.—Trial—Charge—Points—Neglect to answer points.*

The refusal of a trial judge to answer specific points presented to him, is not error if it appears that the questions presented by the points were substantially answered in the general charge.

Argued Jan. 7, 1908. Appeal, No. 172, Jan. T., 1907, by appellant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 1,455, on verdict for defendant in case of William Miller et al. v. James Smith Woolen Machinery Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover the price of a machine. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

When Thomas Miller was on the stand the following offer was made:

Mr. Johnson: I offer to prove by this witness that (the dryer was changed) after it had been erected and constructed in accordance with the contract, without the knowledge or consent and without notice being given to the plaintiff, and that these changes in construction would necessarily make a different machine. Objected to. Objection sustained. [11]

The plaintiff presented this point:

1. If the jury find from the evidence that the dryer was constructed, delivered and erected at Cohoes, according to the specifications set out in the proposal, their verdict must be for the plaintiffs. *Answer:* Refused. [1]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* among others were (1) above instruction, quoting it; and (11) ruling on evidence, quoting the bill of exceptions.

*A. T. Johnson,* with him *C. M. Bowman,* for appellant, cited: Sprout, Waldron & Co. v. Eagal, 193 Pa. 389.

*W. Horace Hepburn,* for appellee, cited: Derry v. Peek, L. R. 14 App. Cases, 337; Hexter v. Bast, 125 Pa. 52; Alexander v. Hoffman, 5 W. & S. 382; Stewart v. Kelly, 16 Pa. 160; Chapman v. Railroad Co., 7 Phila. 204.

OPINION BY MR. JUSTICE POTTER, March 2, 1908:

This was an action of assumpsit to recover the price of a drying machine erected by plaintiff, in a factory at Cohoes, New York, under a contract with the defendant.    The contract was in writing, and was set forth in a letter from the plaintiff to the defendant, dated December 8, 1902.    The offer therein contained was accepted in accordance with its terms on December 10, 1902.    The letter sets forth that the plaintiff " will be pleased to furnish you with one of our latest improved ' Twentieth Century Dryers' for drying glazed cotton."    Then, after describing the machine in detail, the letter states that " The machine just described includes everything which our experience has shown necessary for a complete and economical machine for drying glazed cotton, and is complete and ready to run, except the outside steam connections, belting and power, which are not included in this proposition."    It was further specified that " this proposition is made with the understanding that all work specified shall be performed in good and workmanlike manner; that all material, machinery and supplies herein specified shall be of good and suitable quality, and the work completed as herein specified, provided that The American Drying Machinery Company be not delayed by any person or persons or from any cause not within its control.    It is also made with the understanding that should the machinery or apparatus not do the work herein specified, The American Drying Machinery Company shall remedy all defects therein

necessary to secure a full compliance with the terms hereof at its own proper costs."

Plaintiff averred performance of the contract, admitted the credit of $700 paid on account, and claimed to recover the balance of the contract price with interest. Defendant alleged that the machine erected by the plaintiff wholly failed to do the work for which it was purchased, namely, that of drying glazed cotton; that it was constructed upon wrong principles and could not be made to do the work intended, and for which it was purchased, and was wholly worthless for that purpose. The question thus became one of fact. It was submitted to the jury, and the result of the trial was a verdict for the defendant.

This appeal is by plaintiff, and the first ten assignments of error are to the refusal by the court below, of ten separate points for charge submitted by counsel for plaintiff. Under these assignments it is argued that the trial judge erred in refusing to charge the jury, first, that the burden of proof was on the defendant to show that the dryer, after a fair test, would not do the work for which it was sold; and second, that if the jury believed that the machine was not fed with proper material in proper quantities, there was not a fair test, and the verdict should be for the plaintiff.

It is not denied that the burden of establishing the fact that the plaintiff had been guilty of a breach of its warranty was certainly upon the defendant. This burden was accepted by it, and the case was tried upon that theory. If the first point submitted by plaintiff had requested the court to charge that the burden of proof was upon defendant to show that the machine would not do the work it was warranted to perform, such a point would doubtless have been affirmed; but, instead of that, counsel for plaintiff asked to have the jury instructed that the burden of proof was upon the defendant to show that the machine would not work as it was "intended to do." But as counsel for the appellee say in their argument, this was not the real point involved, for the question is, not what a machine of that construction was intended by its builders to do, but it is whether or not the machine would do the work which it was warranted to do, and for which, under the contract, it was purchased. It appears both from the al-

legation of the defendant and from the proof, that the dryer failed to do the work it was warranted to do, by reason of its being constructed upon a wrong principle, rather than because of any defect in its construction. Defendant's witness Rosenkrantz testified that it was impossible for the dryer to dry glazed cotton wadding. His emphatic statement was: "You cannot dry glazed cotton wadding with hot air commercially; it is not done; it never has been done." Two other witnesses testified substantially to the same effect. If this testimony was believed by the jury, it would go far to show a breach of warranty.

As to the other points for charge offered by counsel for plaintiff, which were declined by the trial judge, the refusal of which is here assigned for error, they raise the question as to whether plaintiff was prevented from making proper tests of the dryer because of the glazing apparatus or other machinery to which it was attached, not having been properly constructed or properly operated. It appears, however, that in his general charge the trial judge instructed the jury as follows: "If you believe that they furnished a machine which was fitted for the purpose of drying glazed cotton wadding, but that it did not have a fair opportunity to do so, on account of the defect of this glazing apparatus, that would not be their fault. If the defendants received what the contract guaranteed, they must pay for it." And in his answer to the seventh point of plaintiff, the trial judge also said: "Of course, if they did erect a dryer fitted for the purpose of drying glazed cotton wadding, and they were prevented from operating it by reason of a defect of the glazing apparatus, or any other defect due to the fault of defendants, why of course the verdict must be for the plaintiffs." These instructions covered substantially everything that was asked for in the points which were refused. It was therefore not necessary for the trial judge to answer them in detail, even though it be conceded that they were correct propositions of law, and were applicable to the facts of the case.

In Creachen v. Carpet Co., 214 Pa. 15, certain specific points were refused, after the court had in the general charge given substantially the instructions desired. It was held that the refusal in such case was not error. We said there that a "judg-

ment will not be reversed because a point presented by one of the parties was not answered, if it appears that the question presented by the point was substantially answered in the general charge: Fleming v. Dixon, 194 Pa. 67 and cases there cited." Nor do we see any error in the sustaining by the court below, of the objection to the offer of evidence upon the part of the plaintiff to prove that after the machine had been erected, some change had been made, without the knowledge or consent of plaintiff. It was not proposed in the offer to show by whom the alleged change had been made, and the witness Miller testified, in answer to questions put to him by the court, that on May 8, when he finally left Cohoes, the machine was, to use his own words, " in running order so far as my judgment was concerned; so far as any machine I have ever worked on." This was after the time when, as stated by counsel, the changes were alleged to have been made, and it therefore follows by plaintiff's own showing, that if any such changes were made, they could not have affected the capacity of the machine to do the work for which it was intended. As a matter of fact, the offer did not aver that the efficiency of the machine for doing its work was impaired by the alleged change, but only that the change in construction " would necessarily make a different machine."

Another reason which would sustain the ruling of the court, in rejecting this offer, is, as suggested by counsel for appellee, that the plaintiff had alleged performance of the contract, and must stand upon that; and could not, therefore, properly or consistently set up at the trial any facts by way of excuse of performance. The further suggestion of counsel for appellee that the plaintiff could not recover by reason of admitted deceit in the letter which set forth the terms of the contract, does not seem to us to be well taken. The truth or falsity of the representations made by the plaintiff as to its experience in manufacturing machines of the type in question, is not material to the issue. Whether that experience had been much or little, if the plaintiff had furnished a machine capable of doing the work it was warranted to do in the contract for its purchase, the defendant would certainly have been liable for the contract price. If it had appeared to the satisfaction of the jury, that this machine was capable of doing its work properly, any mis-

statement as to the experience of the plaintiff in building other similar machines, would have resulted in no injury to the purchaser.

The assignments of error are overruled, and the judgment is affirmed.