# Borteck et al. *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Verdict—Irregular verdict—Instructions of court— Sending case back to jury—Practice, C. P.—Trial.*

1. In trespass by a father and son for injuries to the son, where the jury returns a verdict for the son "to be held in trust until he is 21 years of age," and the trial judge refuses to accept it and says to the jury "you will have to determine the right of the father and the right of the son,......go back and consider this case and determine the right of the father and the right of the son," a subsequent verdict for definite sums for father and son will not be disturbed on appeal, and this is especially so where it appears that in the general charge the jury was carefully instructed as to the rights of father and son.

2. The language of the judge, in such case, cannot be construed as a direction to the jury to find verdicts in favor of both plain-

tiffs, nor can the verdict as originally returned be construed as a finding for defendant, as far as the father was concerned.

3. Where a jury has returned an irregular verdict it is proper for the trial judge to require them to return to their room and further consider the case.

*Negligence—Street railways—Speed of car—Charge.*

4. In a personal injury case against a street railway company, where the judge in his general charge instructs the jury that there was no evidence of an excessive rate of speed of the car, it is not reversible error for the court to refuse a point to the effect that there was no evidence to sustain a charge of improper speed.

5. When a motorman sees children playing in a street near the car tracks, it is his duty to observe extra care and caution and keep his car under such control that it could be stopped instantly.

6. In such a case, the question of the speed of the car is proper for the consideration of the jury.

Argued January 5, 1926. Appeals, No. 385, Jan. T., 1925, and No. 141, Jan. T., 1926, by defendant, from judgment of C. P. No 5, Phila. Co., Jan. T., 1924, No. 10392, on verdict for plaintiffs, in case of Morris Borteck, by his father and next friend, Joseph Borteck, and Joseph Borteck, in his own right, v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries to a child. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Morris Borteck for $5,000, and for Joseph Borteck for $2,000. Defendant appealed.

*Errors assigned* were (1) instructions to the jury as to the verdict, quoting record, and (2) refusal of defendant's point, quoting bill of exception.

*Russell Duane,* with him *Layton M. Schoch,* for appellant.—The trial judge committed error in his supple-

mental charge to the jury by employing language which virtually directed the jury to find verdicts in favor of both plaintiffs with the result of substantially augmenting the total sum awarded against defendant: Bovard v. Christy, 14 Pa. 267; Shipp v. Schmitt, 71 Pa. Superior Ct. 496; Pearce v. Bond, 71 Pa. Superior Ct. 501; O'Hara v. Richardson, 46 Pa. 385; Lerch v. Bard, 177 Pa. 197; Fineburg v. Ry., 182 Pa. 97; Hayes v. R. R., 195 Pa. 184; Welker v. Hazen, 242 Pa. 603.

The trial judge erred in declining and in refusing to affirm defendant's fifth point for charge: Moss v. Traction Co., 180 Pa. 389; Wolf v. Rapid Transit Co., 252 Pa. 448; Stall v. Meek, 70 Pa. 181; Rice v. Olin, 79 Pa. 391; McGonigal v. Rys., 243 Pa. 47.

*William T. Connor,* with him *John R. K. Scott,* for appellee.—A trial judge has the right to require a jury to deliberate until it has reached a proper and legal verdict, and, where the verdict is irregular and improper in form, to direct it to mould it in proper language: Com. v. Flaherty, 25 Pa. Superior Ct. 490; Com. v. Huston, 46 Pa. Superior Ct. 172; Com. v. Burke, 77 Pa. Superior Ct. 469; Beates v. Retallick, 23 Pa. 288; Com. v. Micuso, 273 Pa. 474.

The trial judge, in language of his own, instructed the jury that there was no evidence of excessive speed and having so instructed it in his general charge, he was under no obligation to affirm defendant's point which reiterated this instruction: Carey v. Buckley, 192 Pa. 277; Miller v. Machinery Co., 220 Pa. 181; Davis v. Ins. Co., 60 Pa. Superior Ct. 344; Hufnagle v. Del. & Hudson Co., 227 Pa. 481.

OPINION BY MR. JUSTICE FRAZER, February 1, 1926:

This action is by a father and his minor son for personal injury to the latter as a result of being struck by one of defendant's trolley cars. The jury found in favor

of both plaintiffs and in this appeal defendant questions the validity of the verdict in favor of the father and also complains of the refusal of the trial judge to affirm a point for charge referring to the speed of the car.

In response to the usual inquiry as to whether they had agreed upon a verdict, on return of the jury to the court room, the foreman stated they found "for plaintiff in the amount of $5,000 for the boy to be held in trust until he is 21 years of age." The trial judge immediately stated: "You cannot determine what is to be done with it, gentlemen; you must find for the father and the son, so determining their rights." The following conversation then took place between the court and the foreman: "The Foreman of the Jury: Your Honor, I can't render a verdict, then. We can't decide that way. That is the way the verdict was decided. The Court: No; you will have to determine the right of the father and the right of the son in this case. What is to be done with the money,—that is a matter of future disposition; you cannot control that; the jury cannot control that. The law fixes what is to be done with the money. You better go back and reconsider this case and determine the right of the father and the right of the son."

The jury again retired and subsequently returned a verdict in the amount of $5,000 for the son and $2,000 for the father.

Appellant contends the language used by the trial judge was, in effect, a direction to the jury to find verdicts in favor of both plaintiffs; that it was clear from the language used by the foreman it was their original intention to award nothing to the father; and they must have understood the trial judge to mean their duty was not to find a verdict for one plaintiff only, but to find a verdict for each. Although true, as stated by the court below in its opinion refusing a new trial, the language first quoted, standing alone, that they "must find for the father and the son," was

misleading and may have led the jury to believe the court intended necessarily a verdict should be found in favor of the father because they had found in favor of the son, yet if a wrong impression was conveyed by this language it was effectually removed by the subsequent statement of the court, and especially in view of the final instruction to return to the jury room and reconsider the case and "determine the right of the father and the right of the son." In the course of the general charge the court fully instructed the jury as to the matters which should be considered by them in determining the respective rights of both father and son, and the amount of damages which might be allowed each, if any. In view of these instructions and the concluding remarks of the trial judge in directing the jury to further consider the cause, no harm could have resulted from the language complained of.

The argument that the original statement of the foreman was intended as a finding in favor of defendant, so far as the father was concerned, is not convincing. We find nothing in the language either one way or the other. The announcement of the verdict at the time the discussion between the foreman and the court arose, had proceeded no further than to state the disposition of the rights of the minor. No verdict had been rendered either for or against the father, and it was accordingly proper for the court to require the jury to reconsider his case, as well as that of the boy. Trials are frequent where the court finds it necessary to order a jury to return to their room and further consider a case following the return of an irregular verdict, and the right to do so is well established: Com. v. Micuso, 273 Pa. 474; Com. v. Miller & Burke, 77 Pa. Superior Ct. 469.

The trial judge refused to affirm defendant's point to the effect there was no evidence before the jury sufficient to sustain a charge of improper speed of the trolley car and that they could dismiss the matter of speed

from their consideration. In the first place, in the general charge the court did in fact instruct the jury there was no evidence of an excessive rate of speed; the failure to affirm the point would not, therefore, be ground for reversal: Miller v. Machinery Co., 220 Pa. 181; Hufnagle v. Delaware & Hudson Co., 227 Pa. 476, 481. Furthermore, the motorman testified he was running about nine miles an hour as he approached the place where a number of children were playing in the roadway near the track, and that he could have stopped his car in a distance of 10 feet. The defense was that the child suddenly ran in front of the car when too close to afford the motorman an opportunity to avoid the accident by stopping his car. On the other hand there was testimony that witnesses had seen the approaching car, when some distance from the child and called to the motorman and endeavored unsuccessfully to attract his attention, and that the car did not slow up until the child was struck. Under these circumstances there is sufficient evidence to warrant the conclusion either that the car was traveling at a greater speed than stated by the motorman or that he was not properly attending to his duties. When he saw the children playing in the street near the car tracks, it was his duty to observe extra care and caution and keep his car under such control that it could be stopped immediately. The question of speed was consequently proper for consideration by the jury, even though it was not so great that, under ordinary conditions, it would be deemed excessive.

The judgment is affirmed.