Balin et al., Appellants, *v.* Kimmelman.

Argued December 7, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*James J. Breen,* with him *Francis I. Farley,* for appellants.—The effect of a violation of traffic regulation as proof of defendant's negligence is set forth in the recent case of Robinson v. Ice Co., 292 Pa. 366.

That the ordinance of councils is properly admissible in evidence to show, in connection with the other facts of the case, the negligence of defendant, is not now questioned: Foote v. Products Co., 195 Pa. 190.

*H. Rook Goshorn,* with him *Frank R. Ambler* and *Harry S. Ambler, Jr.,* for appellee.—Ordinary care under the circumstances is the proper and only measure of defendant's duty under the facts in this case: Fredericks v. Refining Co., 282 Pa. 8; Frankford Turnpike Co. v.

R. R., 54 Pa. 345; Union Traction Co. v. Berry, 188 Ind. 514.

Plaintiffs failed to prove violation of a local ordinance.

No proof was offered that notice of this regulation was posted as required by the act; consequently, so far as the evidence in this case showed, the ordinance was wholly inoperative: Com. v. Kelly, 250 Pa. 18; Bothwell v. York City, 291 Pa. 363.

OPINION BY MR. JUSTICE WALLING, January 7, 1929:

On the afternoon of June 15, 1927, Harry Kimmelman, the defendant, drove his Nash sedan car east on Morris Street to Fifth Street, Philadelphia, and thence turned south on the latter street where the car came in contact with Philip Balin, the minor plaintiff, and quite seriously injured him. The boy was eleven years old. He left the west side of Fifth Street where he was with another lad and stepped suddenly into the cartway and was hurt. The evidence was conflicting as to whether the accident happened at Morris Street or in the middle of the block to the south. It appears that the boy struck against the side of the car and fell so that his foot got under the rear wheel. To all intents and purposes it was a darting out case, but as there was evidence that the accident happened at the crossing and negative evidence of the lack of warning, together with a city ordinance, enacted in 1925, under the general provisions of which Fifth Street was declared a one-way street, for northbound traffic, the trial judge submitted the case to the jury. In charging them, he stated, inter alia: "It was the duty of the defendant, as he drove down Fifth Street, whether he was driving with traffic or against it, to use that care and prudence which the average man does and should use under the circumstances, and if he does that, and, notwithstanding that, an accident happens, he is not responsible. If, however, he omits to do what the ordinary prudent man should do, or does what the ordinary prudent man would not do under the circumstances,

then he would be negligent, and if that negligence causes the accident he would be responsible, according to the rules I have already stated...... The fact that a person is traveling in violation of traffic regulations, like that, may be considered by you, together with other evidence in the case, as showing the mental attitude and attention the man is giving to the operation of his vehicle. In that sense, it is evidence of negligence. It is a piece of evidence which you may consider, together with other evidence, in finding negligence, if you believe the evidence sustains it. But if you find that this accident was due to a stepping out, or a darting out, of the boy suddenly, so close to the on-coming car that, exercising ordinary care, the defendant could not have prevented it, and could not have stopped, you cannot convict of him of negligence by reason of the mere fact that he was driving south on a northbound street." The jury found for the defendant and from judgments entered thereon plaintiffs have appealed.

The only statement of question involved, and we need consider no other, is: "Whether an automobilist, proceeding in a direction contrary to a municipal ordinance regulating traffic, is held to the exercise of ordinary or extraordinary care." The trial judge said, in effect, that even when moving against the current of traffic the driver was required to use ordinary care under the circumstances. Whether that was strictly accurate or not, we need not say, for plaintiff is bound by the facts as he and the other lad testified to them, that is, that the accident happened at the southwest corner of Fifth and Morris Streets. The minor plaintiff testified: "I only took one step off the curb on the corner, and I was struck. When I came to I was lying under the machine. Q. You were on the corner and you wanted to go across the street? A. Yes, sir." His companion said: "Q. And did not this accident happen about half-way between Morris and Watkins? A. No, sir. Q. It happened up

at Morris Street? A. Yes, sir." As to this, the trial judge charged: "It is the duty of a person who crosses that part of a highway that is set aside for pedestrians at crossings to use a high degree of care, and to keep his car under such control that he can stop at the shortest possible notice of danger; but he is not required to stop instantly. He is bound to use a high degree of care." Having imposed upon the defendant the duty of exercising a "high degree of care" at the place where plaintiff contends the accident happened, the degree of care imposed upon him elsewhere is not here material.

Again, assuming the accident happened in the block south of Morris Street, there is no evidence that the defendant was in any manner negligent. He was driving slowly, had his car under perfect control and stopped almost instantly. Being in the middle of the block, with nothing to suggest danger, he was not required to give warning. In the absence of proof of any negligence, the question as to the varying degrees thereof is immaterial.

While moving against the current of traffic is a circumstance to be considered with other evidence, standing alone it does not establish negligence: Robinson v. American Ice Co., 292 Pa. 366, 371; and see Foote v. American Produce Co., 195 Pa. 190; Lederman et ux. v. R. R. Co., 165 Pa. 119. Moreover, the proximate cause of the accident was the boy coming in contact with the car and not the direction in which it was moving.

Furthermore, there was no proof that notice, as required by section 28 of the Act of June 30, 1919, P. L. 678, 695, as amended by the Act of June 14, 1923, P. L. 718, 748b, to make a one-way traffic ordinance effective, had been posted; hence, it is doubtful whether the ordinance in question could be considered as an element in the case.

We have examined all the assignments and find no error. It is not necessary to answer a request specifically where the substance thereof has been stated in the general charge: Pringle v. Smith, 289 Pa. 356; War-

runa v. Dick, 261 Pa. 602; Miller v. Smith Woolen Mach. Co., 220 Pa. 181; Gillespie v. Shafer, 69 Pa. Superior Ct. 389.

The judgment is affirmed.