## Allman v. David Berg B. & L. Assn. and the Garrick B. & L. Assn., Appellants.

Argued October 6, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Gilbert J. Kraus* of *Levinthal and Kraus,* for appellant.

*D. H. Felix* of *Felix & Felix,* for appellee.

Opinion by Keller, J., December 12, 1930:

The right of a stockholder to withdraw from a building and loan association and become entitled to the withdrawal value of his stock as fixed by the by-laws of the association, is confined to solvent associations. If the association is insolvent a notice of withdrawal is of no effect, and gives the member no right of action against the association: Christian's App., 102 Pa. 184; Criswell's App., 100 Pa. 488.

Appellee's notice of withdrawal as a stockholder of the David Berg Building and Loan Association was given on November 15, 1928. Prior to that date, it is alleged in the affidavit of defense, the Secretary of Banking had determined by an examination of the affairs of the association that it was insolvent within the meaning of "insolvency" as applied to building and loan associations (Kurtz v. Bubeck, 39 Pa. Superior Ct. 370, 371), and had so notified the officers of the association.

If this is true,—and for the purposes of this case we must assume it to be so—then the plaintiff's notice of withdrawal of November 15, 1928 was of no effect, and was not validated or given life by the subsequent merger proceedings with the Garrick Building and Loan Association, effected with the consent and approval of the Secretary of Banking. Those proceedings provided for a scaling down of the values of the stock of the David Berg Building and Loan Association to two-thirds of the actual amount paid in as dues, and that there should be no withdrawal of such shares until February 1, 1931.

The reorganization of the affairs of the David Berg Building and Loan Association on the basis just mentioned did not operate to give force and effect to the plaintiff's vain and futile withdrawal notice filed when the association was insolvent. The plaintiff's status was not affected by such notice.

Plaintiff has not founded his action upon any right he might possess, by virtue of his dissent from and dissatisfaction with the merger between the David Berg Building and Loan Association and the Garrick Building and Loan Association—if such was the case —to have the value of his stock ascertained and an order, judgment or decree entered for its payment, (see Act of June 14, 1923, P. L. 778), but solely upon his right to withdraw the value of his stock in consequence of his withdrawal notice of November 15, 1928.

As that notice was filed at a time when the authority having supervision of its affairs had determined that it was insolvent, it follows that the plaintiff is not entitled to judgment for any amount against either the David Berg Building and Loan Association or the merged association because of it.

The judgment is reversed with a procedendo.