Wertheimer to Use *v.* Morris Haber B. & L. Assn., Appellant.

Argued October 16, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Gilbert J. Kraus* of *Kraus & Weyl,* for appellant.

*Joseph H. Sundheim* of *Bernheimer & Sundheim,* and with him *Herbert M. Levy,* for appellee.

OPINION BY JAMES, J., April 16, 1934:

Plaintiff, a shareholder in the 37th double series of the defendant building and loan association, sued in assumpsit to recover the matured value of his five shares at $200 per share. At a meeting of the board of directors of the defendant association on November 4, 1931 said series was declared matured.

The defense set up was that the declaration of maturity was made by mistake in that five mortgage loans valued at $256,596.32 on defendant's books were worthless on November 4, 1931. Plaintiff offered in evidence defendant's annual statement for the year ending October 15, 1931, showing under its net assets, including the five mortgage loans, that the double shares of the series in question had matured. It was admitted that on November 4, 1931, the directors of the defendant association had declared the stock matured. Defendant's evidence consisted of testimony that at the time the shares were declared matured some of the directors opposed the resolution, although the minutes do not so show, on the ground that because of the depressed condition of the real estate market the valuation set on the properties by the

board was in excess of their actual value. One of the directors, Berger, a real estate expert, expressed the opinion that the loans on the five properties were worthless. The public accountant who submitted the annual report dated October 15, 1931, testified that if at the time of the report the five properties under consideration had been charged off as losses the shares would have been valued at $185.04 each. Rosenbaum, one of the directors who favored declaration of the maturity, testified to the facts that persuaded him the association should not take a loss on the items mentioned and to place a maturity value of $200 but that a sharp decline in the real estate valuation in 1932 made it apparent that the losses could not be avoided. On July 29, 1932, the directors, by resolution, revoked the declaration of maturity and charged off as a loss on the five properties named the sum above mentioned and declared the present worth of the series to be $185.04 per share.

The case was submitted to the jury on the question whether the board of directors had declared the series of stock matured because of mistake and error. The jury found for plaintiff in the sum of $1,089.49. Defendant's motion for judgment n. o. v. and for a new trial were dismissed. Hence this appeal.

Defendant's first assignment of error contends that the court erred in overruling defendant's affidavit of defense raising a question of law that plaintiff, being a stockholder, has no right to maintain an action at law in assumpsit against defendant. Appellant relies largely upon the case of O'Rourke v. West Penn Loan & Building Assn., 93 Pa. 308 for his contention. In that case plaintiff had sued in an action of assumpsit *qua* shareholder for stock in a series that had ''run out'' and it was held that a shareholder can not sue at law qua shareholder; that if he wishes to participate in the profits of the association he must wait until

the corporation winds up the series to which he belongs. If he is not content to await their action, his only remedy is to withdraw and bring a suit as a withdrawing stockholder. In the instant case, plaintiff averred in his statement that by reason of the action of the board of directors in declaring the 37th double series matured, from that time on plaintiff ceased to be a shareholder but became a creditor for the sum of $1,000, the matured value of his five shares.

We see no real distinction between a withdrawing stockholder and a stockholder whose stock has matured after deliberate action by the board of directors of the association in the remedies he may pursue to enforce his rights.

In U. S. Bldg. & Loan Assn. v. Silverman, 85 Pa. 394, which involved the rights of withdrawing stockholders, the same question of plaintiff's right to proceed in assumpsit was raised. It was there held that an action of assumpsit would lie, saying in part, on page 394, "That he may, upon the refusal of the company to pay him, sue it and recover judgment, just as any other creditor, is not doubtful." The doctrine of that case was followed in Lepore v. Twin Cities National Bldg. & Loan Assn., 5 Pa. Superior Ct. 276, and McGovern v. Cosmopolitan Savings & Loan Assn., 44 Pa. Superior Ct. 212 and, apparently, the question has not been raised since as we find the action of assumpsit was recognized in a long line of cases. See 100 Pa. Superior Ct. 205; 103 Pa. Superior Ct. 94, 156 A. 902; 302 Pa. 254, 153 A. 49; 310 Pa. 265, 265 A. 28; 310 Pa. 470, 166 A. 499; 310 Pa. 560, 166 A. 239, and other cases decided by this court.

We can add nothing further than what was said in the opinion of the learned judge of the court below. "The situation presented is that of an existing corporation which has recognized its obligation to pay a debt to one formerly a stockholder, but who has lost

all the rights and liabilities of a stockholder and possesses only the right to receive a certain liquidated sum. Speaking generally, it would seem that there should be no difficulty about allowing assumpsit to lie. It would seem that the fact that the debtor is a building association would not affect the case. No third party creditor's rights are infringed upon, for the resolution of maturity shows that the directors, who ought to know, have declared the association solvent and able to pay. No complicated accounting is required, for a liquidated sum has been declared by the debtor to be due. No insolvency exists or is threatened so that the rights of unmatured shareholders are not affected. There is an existing corporation left, which is the debtor and can be sued. The rights of withdrawing stockholders are not involved, and the statutory provisions of order of payment and existence of liquid funds out of which to pay do not apply. It seems to us that the conditions for assumpsit exist,— a liquidated sum due upon an admitted promise to pay.''

The second and third assignments of error complain of the failure of the court to affirm the following points: ''1. If you find that the actual value of plaintiff's shares in the 37th series of the defendant association was less than $200 each on November 4, 1931, the date of the declaration of maturity, then said maturity was mistakenly and erroneously declared and in that case your verdict should be for the defendant;'' and 2. If you find that the board of directors of the defendant association at their meeting held November 4, 1931, placed a mistaken value upon their assets and that by reason of such erroneous valuation they declared matured the 37th series when in fact the value of their assets did not justify such declaration of maturity, then it was proper to revoke the declaration of maturity and your verdict should be for the defendant.''

These points covered the theory as advanced by defendant and as propositions of law should have been affirmed unless they had been covered in the general charge of the court. The charge of the court went into detail as to the entire testimony submitted and specifically directed the attention of the jury to the theory advanced by the defendant, as shown by the following excerpts from the charge: "The defendant, the building and loan association, contends that the action of the board of directors of November 4, 1931, declaring this series matured, was made through mistake and error. That is the question which you will have to consider and determine. If there was a mistake or error made by the directors at the meeting of November 4, 1931, then your verdict should be in favor of the defendant association. However, if there was no mistake made by them at that time then your verdict should be for the plaintiff. That is the question that is for you to decide. ...... I think that you should consider the information which they had before them at that time. You should scrutinize that carefully, and what the witnesses said took place. You have the benefit of the testimony of several of the directors as to the discussion and the action taken. Did they make a mistake? The mistake of course was as to the value of the assets of the association, these assets being among others, mortgages on the properties to which I have referred. Were the members of the board mistaken, did they err in what they did? That is the question which I submit to you. If they were, then your verdict should be for the defendant. If they were not, if they made no mistake, made no error, in what they did, then your verdict should be for the plaintiff. ...... whether your verdict should be for the plaintiff or for the defendant, and that depends, as I have said, upon whether the board of directors of the defendant association made a mistake,

or were in error, in declaring this 37th double series of stock matured on November 4, 1931. If a mistake was made, your verdict should be for the defendant. If a mistake was not made, then your verdict should be for the plaintiff." Under this charge the court covered substantially the propositions as involved in the first and second points.

"If the instructions cover substantially that which is asked for in the points which were refused, it is not necessary for the trial judge to answer them in detail, even though it be conceded that they were correct propositions of law and applicable to the facts in the case: Miller v. J. Smith Woolen Machinery Co., 220 Pa. 181, 185, 69 A. 598; Davis v. Continental Ins. Co., 60 Pa. Superior Ct. 341.

It is not necessary to answer a point for charge specifically where the substance thereof has been stated in the general charge: Balin v. Kimmelman, 295 Pa. 301, 145 A. 303.

We are convinced that the general charge of the court covered substantially the propositions of law as covered by the two points and the failure to affirm them was not error. Appellant urges that as defendant's testimony showed the five mortgages were worthless and was uncontradicted, a verdict should have been directed for the defendant. We are convinced under all the testimony, that the question was for the jury to determine whether a mistake was actually made. Although the testimony offered by defendant was very persuasive, the credibility of the witnesses and the correctness of the director's subsequent action in revoking the maturity of the stock was to be considered in connection with their previous deliberate action of declaring matured the series in question.

The assignments of error are overruled and the judgment is affirmed.