Sine, for use, *v.* Waychoff, Appellant.

Submitted April 14, 1936.

Before KELLER, P. J. CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Andrew J. Waychoff, Jr.,* appellant propria persona.

No appearance was made, nor brief filed, for appellee.

OPINION BY JAMES, J., September 30, 1936:

On April 18, 1928, Andrew J. Waychoff executed and delivered to Willis Sine a judgment note in the sum of $60 payable to Willis Sine, two years after date, without interest, and on the bottom of the note we find the following notation: "In full for all indebtedness of maker to Willis Sine to date. This note is not to be used as a set-off against rent due by Willis Sine." On July 6, 1932, Sine assigned the note and on July 22, 1932, judgment was entered in favor of "Willis Sine now for use of Harry Rothberg" (corrected to Harry Rothenberg). On July 25, 1932, Waychoff obtained a rule to open the judgment, which rule was made absolute and the judgment opened. On June 13, 1934, an assignment of the judgment unto Willis Sine was filed. When the case was called for trial on June 12, 1935, counsel moved to amend the record so that the plaintiff would be styled, "Willis Sine, for use of Harry Rothenberg, now for use of Willis Sine."

Briefly stated the testimony produced at the trial was as follows: On March 13, 1928, Andrew J. Waychoff, Jr., leased to Willis Sine a house and lot in Waynesburg, Pa., for the term of one year from April 1, 1928 at the monthly rental of $8.30. At the time of entering into the lease, the parties arranged for the lessee to do carpenter work, paper hanging and other like work on the basis of 50 cents per hour. On April 18, 1928, the

full amount of labor performed was liquidated for the sum of $60, for which the judgment note was given. The lessor concedes that subsequent to the execution of the note, Sine did further work amounting to $39.60, or a total of $99.60, the amount he claimed as due under the lease for the year's rent. His chief contention was that the note was given subject to the condition that he would pay it provided plaintiff did not at due date owe him a like amount on the lease. Willis Sine testified that the total work performed by him and two helpers, wall paper, paint and plaster furnished amounted to $126.70, which was in excess of the amount of the face of the note in dispute and the rent due for the period which he occupied the premises. Both he and his wife testified that the lessor had granted them permission to move and although the time is not definitely fixed, the lessee remained on the premises between seven and eight months. The lessor testified he had not granted permission to the lessee to move and that the lessee had agreed to return the note in settlement of rent which he admitted to be due under the lease. This in substance represents the contentions of the parties, which were submitted to the jury, who found a verdict in favor of plaintiff for $78.55.

Defendant filed motions in arrest of judgment and for a new trial, both of which were overruled; judgment was entered on the verdict and this appeal followed.

Appellant has filed twenty-three assignments of error all of which shall be considered under five statements of questions involved. Under the first question, appellant contends that the court erred in allowing the amendment which substituted the legal plaintiff as the now use plaintiff. When the judgment note was assigned by Willis Sine to Harry Rothenberg and judgment entered in the name of the original payee to the use of the assignee, appellant concedes that the action was in proper form but contends that as the use plain-

tiff had elected to start the proceeding, it was contrary to public policy to allow the substitution of the legal plaintiff as the now use plaintiff. The doctrine of public policy has been frequently urged as a last refuge, but to allow it to be invoked for the benefit of this appellant is to extend it to the point of absurdity. As the note upon which judgment was entered authorized the entry of judgment at any time, the note was non-negotiable: Act of May 16, 1901, P. L. 194, §5; *Miners State Bank v. Auksztokalnis*, 283 Pa. 18, 128 A. 726; and in the hands of the assignee was subject to any defense or defenses available to the original maker. How then could the rights of the appellant be in any way prejudiced by the re-assignment of the note to the original payee or legal plaintiff. As amended, Willis Sine was both legal plaintiff and use plaintiff, and the parties were exactly in the same position as if no assignment whatever had been made. As long as the cause of action is not changed and interests of third parties are not affected, the court, under its general powers and under the Act of May 4, 1852, P. L. 574, §2, 12 PS §533, has the right to allow an amendment as to the parties to an action to conform with the facts and truth of the cause.

Under the second question, appellant complains of the charge of the court and his refusal to affirm the second and third points submitted. The matter involved in the second point was fully covered by the court in the general charge when it stated: "If as a whole you come to the conclusion ...... that there are any credits to which the defendant is lawfully entitled to by reason of his several agreements that he has testified to you and the papers he has offered in evidence, and the record in the case, if you decide he is entitled to any of these credits, and these credits exceed the amount of the note, then you should enter a verdict in favor of the defendant generally ......" It is not

necessary for the trial court to answer a point for charge specifically where the substance thereof has been stated in the general charge: *Wertheimer v. M. Haber B. & L. Assn.*, 113 Pa. Superior Ct. 42, 172 A. 15. The third point assumed facts as having been proved, which were solely for determination by the jury. As written, the point was properly refused. In the light of the explanation made by the plaintiff and the defendant as to the meaning of the phrase "This note is not to be used as a set-off against rent due by Willis Sine," we find no error in the manner in which the court charged the jury. We have examined the remaining criticisms of the charge and believe them to be without merit. Appellant's various contentions were fully and fairly covered in the charge and if there is any confusion, it can be only attributed to the confused manner in which defendant presented his cause. As a whole, we find no ground for complaint.

Under the third question, complaint is made that the court erred in refusing to allow defendant to take the stand to contradict testimony given in rebuttal by the plaintiff and his wife. Defendant had been called by the plaintiff for cross-examination and examined at considerable length. Later he took the stand in his own behalf and his testimony covers twenty-four pages of printed record, a portion being not printed under Rule 55 of this court. While on the stand, he had denied having a conversation with plaintiff and his wife concerning permission to move from the premises and they later were called in rebuttal and testified as to the conversation. His testimony would necessarily be largely a repetition of what he had previously testified, and in the exercise of its sound discretion, the court was fully justified in denying defendant a further opportunity to present his extensive views. In his opinion dismissing the reasons for a new trial, the court said: "An inspection of the record of this trial will show that it was

unnecessarily prolonged, principally by the defendant, who conducted his own case. The court indulged the defendant at great length in the production of his evidence, and was finally compelled to close the case by cutting off defendant's extended and unnecessary cross-examination of plaintiff's last witness, Mrs. Willis Sine." As we view this record, defendant was not denied the opportunity of fully presenting his cause.

Appellant complains, under the fourth question, that the court conducted the trial in an arbitrary and capricious manner and unduly prejudiced the defendant's case in view of the jury. To properly determine this question, we should have the benefit of the entire record; but appellant has seen fit not to print a considerable portion of the testimony. At the trial, appellant conducted his own case and demonstrated the wisdom of the homely truth that a party is unwise who conducts his own cause. From our examination of the record, the trial judge was extremely patient and indulgent to both sides, who, in the presentation of the case, left much to be desired. The defendant repeatedly was admonished by the trial judge to answer questions asked, to refrain from his extended explanations, which were largely argumentative, and to confine his cross-examination to relevant matters. As the record is presented to us, defendant was permitted to present every defense advanced by him and we find no evidence of arbitrary or capricious conduct by the trial judge. His conduct showed consideration and extreme patience under most irritating circumstances.

The last reason assigned by the appellant is that the conduct of the trial violated the due process clause of the Fifth Amendment to the Constitution of the United States. In support of this point, he refers solely to the reasons already discussed, in which we find no merit.

The assignments of error are overruled and the judgment is affirmed.