## Moyer, Appellant, *v.* Frankford Crate Company et al.

Argued October 3, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Samuel Finestone,* with him *W. Horace Hepburn, Jr.,* for appellant.

*Benjamin H. Levintow,* for appellee.

OPINION BY BALDRIGE, J., November 22, 1938:

On July 1, 1936, plaintiff brought an action of replevin to recover three machines leased to Charles A. Snyder, trading as Frankford Crate Company. The writ was executed and the goods replevied on July 6, 1936. On June 2d a distraint had been made by Jesse C. Douglass, constable, for rent due by Snyder to the Mortgage Service Corporation under a lease of certain premises to which the plaintiff's machines had been removed. Douglass, who was added to the writ of replevin as a party defendant, delivered the replevied articles to the sheriff and sold at constable's sale the remaining goods on the premises for $200. Snyder was delinquent in his rent for three months, amounting to $150, but the distraint was for nine months, or $450, which constituted the rent for the balance of the term of the lease.

The lease contained a provision that if the lessee at any time attempts to remove or actually removes from the demised premises any substantial portion of the goods and chattels contained thereon, without having first paid the lessor for all the rent which shall become due during the term of the lease, the removal or manifestation of intention to remove shall be considered and construed as fraudulent, and the whole rent for the entire term of the lease shall become due and payable.

Douglass, the added defendant, filed an affidavit of defense and counterclaim, alleging that he had distrained for nine months' rent under the acceleration clause in the lease which was effective because Snyder had made an attempt to remove his goods from the premises without paying the rent then in arrears. He

claimed the value of the goods replevied to be $225, which sum should be applied to the $450 and costs. That amount was subject also to a credit of $200 realized at his sale. The deficit, therefore, exceeded the value of the machines.

Plaintiff filed a reply to the counterclaim, denying that any attempt had been made by Snyder to remove any of the property, and that the landlord had recovered at the constable sale more than $150, the amount of rent actually due. The case came on for trial in the municipal court before Judge GLASS, without a jury. During the trial, the court granted the motion of Douglass to amend the caption of the case, so as to make it read, "J. N. Moyer v. Frankford Crate Company and Jesse C. Douglass, added defendant, constable for Mortgage Service Corporation, and now to their use." The trial judge made a finding for the added defendant, Jesse C. Douglass, constable for Mortgage Service Corporation, landlord, and to its use, and against plaintiff, J. N. Moyer, on the counterclaim, in the sum of $225.

The appellant's assignments of error question (1) the admission of alleged incompetent testimony to support a finding that the tenant had attempted prior to the distraint to remove a substantial portion of his goods, and, therefore, the acceleration clause could not be enforced; (2) the right of the landlord, who, it is contended, has already received the rent actually due under the distraint proceeding, to obtain a verdict for additional rent; (3) whether, in any event, the constable is a proper party to recover a money judgment against appellant.

1. Douglass testified that when he went to the premises to make his distraint, he found the machines had been disconnected from the belting and taken apart and portions thereof were missing. He stated that he had a conversation with Snyder, the tenant, who asked him

why he had closed the plant. Douglass told him that he was removing the machines when there was three months' rent in arrears and that under the acceleration clause the balance of the rent was due. The witness was asked: "Q. What did he say to that? A. He said, 'I wanted to get out because I couldn't keep the place up.' I said, 'Why didn't you get in touch with the company?' He said, 'I got some of the stuff out and you can't touch the other because it doesn't belong to me.' "

This testimony was admissible and very material to the issue involved. "Declarations may be relevant evidence as to the existence of a particular intent or intention in the mind of the declarant. Such declarations are admissible if, and not unless, the existence of the particular mental state at the time to which the declarations relate is a relevant fact:" 22 C. J. p. 281, §297.

It was Snyder who executed the lease under which the distraint was made. The appellant, in the opening paragraph of his statement in this action, claims that "Charles A. Snyder, trading as the Frankford Crate Company" is detaining the machines involved therein. Statements made by Snyder of what he did and of his intentions were therefore properly admitted: *Arnold v. Cramer*, 41 Pa. Superior Ct. 8, 14. The testimony of Douglass having been accepted as true by the trial judge, the acceleration clause in the lease became effective. Upon the removal of or attempt to remove the goods or chattels, the landlord, under the terms of the agreement, had the right to distrain for the rent unpaid for the balance of the term. Such a provision has many times been recognized as valid and enforceable: *Moretti et al v. Zanfino et ux.*, 127 Pa. Superior Ct. 286, 193 A. 106, and cases cited therein.

The first position of the appellant is without merit.

2. Concluding as we do that under the terms of the lease the trial judge was warranted in finding that $450 was due from Snyder, trading as the Frankford

Crate Company, and as but $200 was realized from the sale of the property replevied, there was a deficiency of $250. There was evidence that the goods replevied were worth $225. That was the amount set forth by the appellant in his affidavit of value attached to his statement of claim in the replevin proceedings, and he is bound thereby: *Automobile F. Co. v. Reese et al.*, 73 Pa. Superior Ct. 550, 553. As the goods were distrained prior to the service of the writ of replevin, the appellee is entitled to recover the value of the goods replevied.

3. The last position taken by the appellant is that in any event the constable is not the proper party to recover a money judgment against the appellant.

It is contended that while a landlord, who has personally distrained, or through a constable, has a lien by virtue of distraint, the present added defendant, who merely executed the warrant of distress, did not obtain such a lien. A constable who distrains goods under the landlord's warrant is not an officer of the law, but is merely an agent of the landlord: *Commonwealth et al. v. Abrams*, 94 Pa. Superior Ct. 556, 558. If the constable had made an excessive distraint, or if no rent was in arrears, the landlord and not the constable would have been liable. It is the landlord also who is entitled to recover under this counterclaim for the value of the goods distrained, which were delivered to the sheriff under the replevin proceedings.

The amendment made to the title of this action completely meets the objection of the appellant. The court, under its general powers, has the right to allow an amendment as to the parties to an action to conform with the facts, as long as the cause of action is not changed and the interests of third parties are not affected. See Act of May 4, 1852, P. L. 574, §2 (12 PS §533) ; *Sine, for use, v. Waychoff*, 123 Pa. Superior Ct. 334, 187 A. 234; *Leland v. Firemen's Ins. Co.*, 127 Pa. Superior Ct. 533, 193 A. 475; *Aiken, to use, v. Mayberry*

*et al.,* 128 Pa. Superior Ct. 15, 193 A. 374. The sixth section of the Act approved April 19, 1901, P. L. 88 (12 PS §1839) contemplates that amendments to the pleadings may be made. It provides: "The declaration and affidavit of defence as originally filed, or as amended by leave of court, shall constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels as between all the parties shall be determined by a jury."

We find no reason to disturb the conclusion reached by the court below.

Judgment affirmed.