## Usner, etc., v. Duersmith

*Alfred C. Alspach*, for plaintiff.

*Charles G. Baker* and *W. Hensel Brown*, for defendant.

WISSLER, J., October 30, 1942. — Plaintiff filed a præcipe for summons in trespass for the wrongful death of his minor son. The petition to strike off the summons and præcipe and the answer show that the action was brought more than six months and less than one year from the date of death. Defendant filed a petition to strike off the summons and præcipe asserting that the action was not brought by the personal representative of decedent, or by any person as trustee ad litem on behalf of all persons entitled to share in the damages, contrary to Rule 2202 of Pennsylvania Rules of Civil Procedure. This petition to strike off the summons was filed after the statute of limitations had run.

Rule 2202(*a*) and (*b*) provides as follows: "Rule 2202. Parties Entitled to Bring Action for Wrongful Death. (*a*) Except as otherwise provided in clause (*b*) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death. (*b*) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages."

There is no doubt that in the instant case plaintiff is not named in exact conformity with Pa. R. C. P. 2202(*a*) and (*b*). Nevertheless, plaintiff is named as parent of the minor child.

The purpose of Pa. R. C. P. 2202(*a*) and (b) is stated in the note of the Procedural Rules Committee as follows:

"This provision eliminates the objectionable feature of the prior law under which the person who alone was entitled to sue under the statute could delay bringing the action until the statute of limitations barred the action and this bar would be effective against all other members of the beneficially interested class."

In Slonecker et al. v. Wineman Coal & Coke Co., 45 D. & C. 351 (1942), a case similar to the instant case where the suit was brought by the parents of the minor more than six months and less than one year from the date of death, the same question was raised by defendant in its affidavit of defense, after the statute of limitations had run, and the court, after interpreting Rule 2202(*b*), overruled the demurrer, with leave to plaintiffs to file an amended statement of claim, stating that to hold otherwise would be to defeat the very purpose for which Rule 2202(*b*) was made by the Supreme Court.

In Higdon v. Hartman et al., 42 D. & C. 251 (1941), it was held that under Pa. R. C. P. 2202(b) a statement is fatally defective if not brought by plaintiff as trustee ad litem of all persons entitled to share in the damages. This case, while to the contrary, is distinguishable in that the statute of limitations had not run, and the court, in ordering the summons to be quashed at the cost of plaintiff, did so without prejudice to plaintiff to bring another action.

In Pennsylvania, the right to amend at any stage of the proceeding is liberally construed unless the amendment introduces a new cause of action after the statute of limitations has run, or prejudices the rights of the opposing party: Miners Savings Bank of Pittston v. Naylor et al., 342 Pa. 273 (1941).

Prior to the adoption of the Pennsylvania Rules of Civil Procedure, both our Supreme and Superior Courts have held that where the name of the proper plaintiff is upon the record the manner in which the name of anyone beneficially interested may appear is unimportant: Trustees of Methodist Episcopal Church of Franklin v. Equitable Surety Co., 269 Pa. 411 (1921); Hewitt, Receiver, v. Democratic Publishing Co., 271 Pa. 546 (1922); Gentile et al. v. Philadelphia & Reading Ry., 274 Pa. 335 (1922).

In Mangan et al. v. Schuylkill County, 273 Pa. 310 (1922), at page 313, it was said:

". . . all parties in interest having been brought upon the record, they could be placed by the court below in whatever position would best and most practically work out the ends of justice . . ."

The deciding factor in whether an amendment will be allowed is whether there is a change in the cause of action: Booth v. Dorsey, 202 Pa. 381 (1902); Mangan et al. v. Schuylkill County, supra.

The test of an amendment is whether or not it will deprive defendant of any right: Moyer v. Frankford Crate Co. et al., 133 Pa. Superior Ct. 323, 328 (1938);

Aiken, to use, v. Mayberry et al., 128 Pa. Superior Ct. 15, 20 (1937).

In Fillman v. Ryon et al., 168 Pa. 484 (1895), and Stainer, to use, v. Royal Insurance Company of Liverpool, 13 Pa. Superior Ct. 25 (1900), it was held that the test as to whether or not pleadings can be amended is not the statute of limitations but whether it introduces a new cause of action.

In Appleton & Cox, Inc., v. Pittsburgh Refrigeration Corp., 118 Pa. Superior Ct. 462 (1935), it was held in a suit brought by Appleton & Cox, Inc., attorney-in-fact for Agricultural Insurance Company of Watertown, that an amendment striking out the reference in pleadings to "attorney-in-fact" and naming the Agricultural Insurance Company of Watertown, New York, instead, was properly allowed, even though the period of the statute of limitations had run, the court saying (p. 463):

"No new plaintiff was, in reality, substituted. The defendant had notice, right from the start of the litigation, that the action was to recover money alleged to be due by defendant to Agricultural Insurance Company. The suit in the name of Appleton & Cox, Inc., attorney-in-fact for the named principal, was a mistake, but it was amendable at any time, . . . for the inclusion of the name of the attorney-in-fact should be regarded as mere surplusage."

In 3 Standard Pa. Practice, it is stated (p. 622):

"Amendments may be permitted where the proper individual is on the record as plaintiff but is erroneously designated as to the capacity in which he has the right to sue"; citing Power v. Grogan, 232 Pa. 387 (1911).

If plaintiff in the instant case is permitted to amend so that the caption in the case conforms with Rule 2202(b), no harm will be done to anyone. Plaintiff would be the same except for the manner in which he would be named. The same defense would be open to

defendant on the merits of the case, and the same measure of damages would apply.

· In the case at bar no statement of claim, or affidavit of defense has as yet been filed, but merely a præcipe and summons, and by Rule 2204 of Pennsylvania Rules of Civil Procedure, in an action for wrongful death, plaintiff must aver in his statement of claim that the action is brought on behalf of all persons ·entitled to recover damages for the death of decedent: In so doing, defendant would be fully apprised of plaintiff's relationship to decedent, his right to bring the action, and of the names of all persons entitled by law to recover damages, and that the action was brought in their behalf.

While the better practice is to conform· with the Rules of Civil Procedure in the first instance, the court feels that the ends of justice would be served by permitting the parties to rectify the record by amendment so that the case may be heard on its merits.

And now, October 30, 1942, the rule to strike off the summons and præcipe in this case is discharged, with leave to plaintiff to amend the caption of his suit to conform to Pa. R. C. P. 2202(*b*).