## Kennett v. Naumchuk et al.

*J. M. Leib*, for plaintiff.

*E. E. Dicker*, for Makary Naumchuk, defendant.

ALESSANDRONI, J., July 22, 1947.—On January 2, 1930, a judgment note in the sum of $1,100 was executed by Makary Naumchuk, petitioner herein, and one Nazar Panamarenko, in favor of above-named plaintiff. This note contained the signatures of the debtors but nowhere therein were their names either printed or typewritten. On January 21, 1938, plaintiff entered judgment on the note against petitioner and his co-obligor. The signature of Nazar Panamarenko was so difficult to read as to approach the undecipherable, and in attempting to do so the prothonotary's clerk entered the judgment against Maxim Panamarouk. Subsequently, on June 3, 1947, a writ of scire facias to revive the judgment together with writs of fieri facias and attachment sur judgment were issued, directed against the property of petitioner, whereupon this petition to strike off the judgment was filed.

The answer to the petition avers that at the time the note was executed, petitioner and Nazar Panamarenko were co-partners engaged in the business of bottling and distributing beverages at 700 North Frank-

lin Street, Philadelphia, and this note was given to secure a loan made to obligors for partnership purposes. It is averred at the present time the whereabouts of Nazar Panamarenko are unknown. Plaintiff further averred that he is unable to read or write the English language and did not employ the services of an attorney at the time he caused the note to be entered of record; that the signature of Nazar Panamarenko was difficult to decipher and the prothonotary's clerk interpreted it as Maxim Panamarcuk. Plaintiff asked that this court correct the record by amending the Christian and surname of the co-obligor so that it conforms to the precise spelling of the name of the person against whom the judgment was intended to be entered. Depositions filed on behalf of plaintiff support the allegations of the answer.

An examination of the note confirms the difficulty experienced by the prothonotary's clerk in deciphering the name of Nazar Panamarenko and is a striking illustration of the need for placing in a note the names of the parties in some type of print rather than script. The assessment of damages filed on behalf of plaintiff indicates that payments on account in the sum of $700 have been made on this obligation without disclosing the date of those payments or the person by whom they were made. These payments are consistent with the issues raised by petitioner, for nowhere does he contend that he has a substantive defense to the claim.

Petitioner argues that the obligation on which the judgment was entered was joint and since all of the obligors are not parties to the judgment such an obligation cannot be the basis of a valid judgment. He further contends that since the authority to enter judgment by confession has been exercised the power is spent and exhausted: Harr, Secretary of Banking, v. Furman, 346 Pa. 138.

We find no merit to the technical defense of petitioner. The release of errors contained in the judgment

note was intended to cure all procedural defects, even though it did not preclude inquiry into the power and authority to enter judgment in the first instance: Altoona Trust Company v. Fockler, 311 Pa. 426.

There is a more cogent reason, however, for dismissing this petition. It is well settled that a court may allow an amendment as to parties to conform with the facts, as long as the cause of action is not changed and the interests of third parties are not affected: Moyer v. Frankford Crate Co., 133 Pa. Superior Ct. 323. Statutes of amendments are liberally construed to prevent the defeat of justice through mere mistake in the names of parties, whether arising from a mistake of law or of fact: Wright v. Eureka Tempered Copper Co., 206 Pa. 274.

The Act of April 16, 1846, P. L. 353, 12 PS §532, conferred upon the court the power at any stage of the proceedings to permit amendments of the record where there was a mistake made in the Christian name or surname of either party. This power was further enlarged by the Act of May 4, 1852, P. L. 574, 12 PS §533, which provided that in all actions and *in all cases of judgments entered by confession the court* shall have the power to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear that a mistake or omission has been made. The new Rules of Civil Procedure have suspended these acts of assembly: Pa. R. C. P. 1451(c) (2) (3). It is provided, however, in rule 1033, that a party either by filed consent of the adverse party or by leave of court may at any time change the form of action, correct the name of a party or amend his pleading. This rule, insofar as it relates to correcting the name of a party, comprehends the scope of suspended acts of assembly and does not change the prior practice. The correct name of this co-obligor and his identity are not in dispute: Seitz & Co. v. Buffum &

Co., 14 Pa. 69. No new party is being added, no new cause of action alleged, and no prejudice visited upon petitioner. The letter and spirit of the Rules of Civil Procedure depart from the fatal formalism known to the common law where substantive rights were sometimes subservient to technicalities.

Even prior to the effective date of the Rules of Civil Procedure the courts of this Commonwealth frequently granted leave to amend a record or considered the record as having been amended where a mistake was made in naming the parties: Philadelphia v. Sulzer's Estate, 342 Pa. 37; Frey v. United Traction Co. of Pittsburgh, 320 Pa. 196; Findley v. Warren, 244 Pa. 64.

In Tobacco Co. v. Posluszsy, 31 Pa. Superior Ct. 602, a judgment by confession was entered against a principal and his surety. There was a discrepancy as to the name of the surety between the bond and the record of the judgment. There was no dispute that he was the identical person intended to be made one of the defendants. The court held that the discrepancy was one which was plainly curable by amendment and for the purpose of the litigation the record could have been treated as being amended accordingly.

In Sine, for use, v. Waychoff, 123 Pa. Superior Ct. 334, a judgment was entered upon a warrant of attorney contained in a note in the name of the original payee to the use of an assignee and thereafter the note was assigned to the original payee. The court held that as long as the cause of action was not changed and the interest of third parties not affected, it had the right to allow an amendment under its general powers as to the parties so that the action would conform with the facts and the truth of the cause.

In Aiken, to use, v. Mayberry et al., 128 Pa. Superior Ct. 15, a judgment was entered by confession in the name of May V. Aiken, to the use of Pearl M. May-

berry against the defendant. It appeared that at the time the judgment was entered May V. Aiken was dead and an administrator had been appointed for her estate. An amendment was allowed permitting the substitution of Will L. Aiken, administrator of the estate of May V. Aiken as legal plaintiff. The debtor contended that since the payee was dead at the time of the entry of the judgment, the judgment was void and could not be amended. The court reviewed the Act of February 24, 1806, P. L. 334, 12 PS §739, which conferred power upon the prothonotary to enter a judgment without the intervention of an attorney. It was conceded that the judgment should have been entered in the name of the payee's administrator since she was dead at the time. Our Superior Court held, however, that under the Act of May 4, 1852, supra, and the case of Hewitt v. Democratic Pub. Co., 271 Pa. 546, the record could be amended or treated as amended. The words of our Supreme Court in the latter case are particularly applicable:

"We have repeatedly held that, if a suit is brought either by mistake of law or fact in the name of the party beneficially interested, instead of by the contracting party to the use of the former, the record may be amended, or treated as amended, in the appellate court, so as to conform to the requirements of the law as to the names of the parties. . . . To-day, when the endeavor of the courts is to reach the real merits of controversies, highly technical objections, such as the one now being considered, whatever may have been the attitude toward them in an earlier age, when albeit society was simpler, the administration of justice was more complex, will not now receive judicial approval."

The real test is whether defendant is being deprived of any right. By amending the record to effect the admitted intention, all parties are protected and the decision will rest upon the real merits of the controversy.

For the foregoing reasons therefore we believe the petition of the debtor must be dismissed.

### Order

Now, to wit, July 22, 1947, the petition of Makary Naumchuk to open the judgment heretofore entered by confession and set aside the writs of execution is dismissed.

It is further ordered that the record in the above matter be amended to read "Steve Kennett v. Makary Naumchuk and Nazar Panamarenko".