## Commonwealth v. Carstater

*Walter H. Scott*, for Commonwealth.
*Walter L. Peake*, for defendant.

EVANS, P. J., June 14, 1948.—This is an appeal from summary conviction for violation of article 18, sec. 4, of the City of Corry's Ordinance No. 737, adopted and approved December 16, 1946.

Article 18 provides:

"Night Parking.—It shall be unlawful to park or leave standing for longer than one hour any vehicle on any street in the City of Corry between the hours of 3:00 A.M. and 6:00 A. M. If this section is violated on more than one night, each night's violation shall constitute a separate offense."

Facts are stipulated that defendant on December 28, 1947, at 4:30 a.m., permitted his car to be parked on East Congress Street, in the City of Corry, and that the parking of his car at that location had

continued for a period longer than one hour. It is further stipulated that no signs giving notice of this local parking ordinance were posted conspicuously at any point where this highway joined other highways, as required by section 1106 of The Vehicle Code of May 1, 1929, P. L. 905, and its amendment, 75 PS §682. Also submitted for our consideration, if relevant, is the fact that this defendant, on August 13, 1947, paid a fine for a similar offense in the City of Corry, but at a point in the highway where public notice of said ordinance was properly displayed in accordance with the aforesaid act of assembly. Section 1020 (75 PS §612) contains 15 prohibitions against parking under circumstances set forth therein and having State-wide application. All-night parking is not included.

Section 1103 of the code, and its amendments (75 PS §663) give local authorities power to enact additional parking restrictions as may be deemed necessary. This provision was prompted by the fact that local conditions in municipalities require regulations which, if applied State-wide, would be very onerous. And section 1106, as noted hereinbefore, requires that notice of these local restrictions shall be posted.

After the passage of an ordinance under this act, and the proper posting of notice to the public, a municipality is authorized by section 1212 of the said act (75 PS §742) to proceed by summary conviction for any violation.

We conclude, therefore, that under the provisions of The Vehicle Code this prosecution cannot be sustained: Commonwealth v. Moore, 37 Dauph. 38; Commonwealth v. Hanley et al., 34 D. & C. 492.

The only appellate comment we can find is contained in Balin v. Kimmelman, 295 Pa. 301, 305. In that case there was in effect a one-way traffic ordi-

nance which was not posted. The defendant was traveling in the wrong direction on a one-way street, and a violation of the ordinance was offered as one element to prove negligence in a suit for damages on account of injuries. Judge Walling stated:

"Furthermore, there was no proof that notice, as required . . . to make a one-way traffic ordinance effective, had been posted; hence, it is doubtful whether the ordinance in question could be considered as an element in the case."

Counsel for the City of Corry contends, however, that, irrespective of The Vehicle Code, by Act of May 27, 1919, P. L. 310, amending the Act of June 27, 1913, P. L. 568, and later reënacted in the Third Class City Law of June 23, 1931, P. L. 932, sec. 2403, the city has the right to provide against nuisances and obstructions in public highways and to regulate the passing of vehicles, self-propelled or otherwise, through public streets.

Judge Flood, in Commonwealth v. Hanley, supra, reviews the common law to the effect that "every unauthorized obstruction of a highway, to the annoyance of the King's subjects, is an indictable offense" and "The King's highway is not to be used as a stableyard". From this he properly concludes that all-night parking on some of Philadelphia's highways, particularly the narrower streets, would constitute a nuisance, irrespective of an all-night parking ordinance, for the reason that passage would be obstructed and the lives and property of the citizens endangered. He adds, however, and we agree, that consideration of the particular situation in each case would be necessary in determining whether or not all-night parking constituted a nuisance. It would be unreasonable to assume that all-night parking on any street or highway in the Commonwealth could be so considered.

It is evident that it was not so considered by the legislature or it would have included such a provision among the prohibitions enumerated in section 1020 of The Vehicle Code, supra. Furthermore, a public nuisance is in the nature of a continued course of conduct to the detriment of public health and safety. An isolated instance of all-night parking, as charged here, cannot be so considered.

Counsel for the city further contends that defendant is bound by the ordinance in question, notwithstanding the lack of public notice, for the reason that on a previous occasion (some four months before) he pleaded guilty to a violation and paid a fine. The previous violation, however, was at a point in the streets of Corry where notice was properly displayed, and it is more reasonable to conclude that defendant was justified in assuming that no ordinance prohibited all-night parking on East Congress Street, which was not posted to warn him to the contrary. It is not contended that he had personal knowledge of the ordinance's city-wide application.

Therefore, in our opinion, to prevent all-night parking on any public street, and to make an ordinance so providing effective, a municipality must give posted notice thereof. To maintain a prosecution irrespective of such an ordinance, on the theory of nuisance, a municipality must establish that fact as is required in cases involving continuous maintenance of dangerous, obnoxious or unhealthful conditions which, in particular circumstances, may be restrained or abated.

And now, to wit, June 14, 1948, the decision of Alderman M. S. Cobbett, entered February 5, 1948, finding defendant guilty and assessing a fine of $10 and costs, is set aside and defendant is discharged. The costs are placed upon the county.