Commonwealth ex rel. Ptlm. Bonczek, Appellant *v.* Walter J. Wagner or Valley Buick, Inc., Appellee.

Argued May 3, 1982, before President Judge CRUMLISH and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Victor R. Delle Donne,* with him *David F. Toal, Baskin and Sears,* for appellant.

*Walter J. Wagner,* appellee, for himself.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 10, 1982:

The Commonwealth appeals an Allegheny County Common Pleas order which denied enforcement of a municipal parking ordinance. We affirm.

Bethel Park Ordinance No. 12-10-79A prohibits the parking of any type of vehicle on any street or highway within the municipality from 2:00 a.m. to 6:00 a.m. Notification of this ordinance was published in the local papers when it initially went into effect, and signs announcing the prohibition are posted at the point of entry on the main highways leading into the municipality.

Wagner, who admits having parked his vehicle on a street during the proscribed hours, was convicted by the District Justice for three violations of the ordinance. The lower court held that the municipality failed to provide adequate notice of the parking restrictions and denied enforcement of the ordinance.

The Pennsylvania Motor Vehicle Code[1] provides that parking regulations are a reasonable exercise of a municipality's police power. However, the exercise of this power is conditioned upon the giving of notice of any regulation or ordinance:

> [O]fficial traffic-control devices giving notice of the traffic regulations or ordinances are [to be] erected upon or at the entrances to the highway or part thereof affected as may be most appropriate.

75 Pa. C. S. §6109(c).

---

[1] 75 Pa. C. S. §6109(a)(1).

16

The Commonwealth asserts that the publication of the ordinance and the posting of signs at the point of entry on all highways leading into the municipality was "most appropriate" in giving notice. We disagree. While the publication of the ordinance at the time it initially went into effect may have informed those residents living in Bethel Park at the time, of the new parking restrictions, it does not amount to notice as required by the statute. The statute makes no mention of notice by publication.

The statute requires notice-giving traffic-control devices to be erected on highways[2] affected by a regulation or ordinance. In addition, a Department of Transportation regulation[3] provides that regulatory signs shall be used to inform highway users of traffic laws or regulations that apply at given places or on given highways, the disregard of which is punishable as a summary offense.[4] Section 211.232 of the regulations[5] provides for the placement of signs prohibiting parking:

(c) Interval. The signs shall be placed at the beginning of and at reasonable intervals throughout the restriction, which shall be at intervals not exceeding 200 feet for signs which are only 12 inches wide.

---

[2] 75 Pa. C. S. §102 defines "highway" as
the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel....
[3] 67 Pa. Code §211.41.
[4] 67 Pa. Code §211.7 makes applicable Department of Transportation Regulations to local authorities:
All signs, signals, and markings erected by local authorities to give notice of legal parking and other local ordinances, rules, and regulations shall conform with the requirements set forth in the provisions of this chapter.
[5] 67 Pa. Code §211.232.

Since all highways are affected by Ordinance No. 12-10-79A, the posting of signs at the point of entry of the major highways leading into the municipality provides inadequate notice of the parking restriction as required by the Motor Vehicle Code and Department of Transportation regulations. We therefore conclude that Wagner cannot be found guilty for parking his vehicle during the proscribed times on a street bearing no notice-giving device. *See Commonwealth v. Angello*, 67 Pa. D. & C. 550 (1948); *Commonwealth v. Carstater*, 67 Pa. D. & C. 637 (1948).

Affirmed.

ORDER

The order of the Court of Common Pleas of Allegheny County, No. S.A. 644 of 1980, dated September 25, 1980, is hereby affirmed.