# Epstein v. Insurance Company of North America, Appellant.

*Practice, C. P.—Trial—Motion for continuance—Discretion of court—Abuse of discretion.*

In an action to recover upon an insurance policy for the value of property destroyed by fire, where it was alleged by defendant that the claim was excessive and fraudulent, it was an abuse of discretion for the trial court to refuse to postpone the trial for one day, where it appeared that counsel had mutually agreed that the case should go over for one day in view of its position on the list and the fact that it was not likely to be reached, and therefore defendant had not sent for a number of its important witnesses who were without the jurisdiction and had agreed to be present on the following day if summoned by telegraph, and that counsel of record for defendant was physically unfit to take part in the trial.

MR. JUSTICE MOSCHZISKER dissents.

Argued March 27, 1914. Appeal, No. 31, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1913, No. 1680, on verdict for plaintiff, in case of Samuel Epstein, trading as Progressive Neckwear Co., and Epstein Bros. v. Insurance Company of

North America.  Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Reversed.

Assumpsit on an insurance policy.  Before SULZ-BERGER, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $1,588.50 and judgment thereon.  Defendant appealed.

*Errors assigned* were in proceeding with the trial in the absence of counsel for the defendant and in submitting the case to the jury.

*Frank R. Shattuck,* for appellant.

*Alfred Aarons,* with him *Henry N. Wessel,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1914:

The plaintiff's property in the City of Philadelphia was insured in seventy companies, under seventy-six policies, aggregating $133,000.  The property was destroyed by fire on October 9, 1912.  Payment was resisted on all the policies on the ground that the claims were excessive and fraudulent, and suits were brought by the insured on the policies.  The present action being on the list for trial in Common Pleas No. 2 of Philadelphia County was called for trial on the morning of December 3, 1913.  The defendant's counsel moved for a postponement of the trial until the following morning assigning therefor orally the following reasons:  (1) That two days prior thereto the counsel for the parties met and it was mutually agreed that the position of the case on the list was such that there was but little chance of the same being reached on the first day it was called and that counsel should meet on the morning of the day it was to be called, more with a view to making arrangements for the trial on the following day than on the day it was

called and in consequence thereof the defendant did not subpœna its important witnesses to be present on the day the case was called for trial; (2) that a number of important witnesses of the defendant did not reside in or are not in the jurisdiction of the court but have agreed to be present on the following day if summoned by telephone or telegraph, that the witnesses had possession of books, papers and other documents which were of prime and essential importance to the defense in the case and which could not be obtained by the defendant on the day the case was called for trial; (3) that counsel of record for the defendant was physically unfit to take part in the trial of the case. The court refused the application for a postponement of the trial, and thereupon counsel for defendant requested that his reasons in support of his motion might be put upon the record of the proceedings which was also denied by the court. The court stated that counsel might reduce his reasons to writing, and subsequently present them to the court for consideration, but refused to permit counsel to dictate the reasons to the official stenographer. A jury was drawn and sworn to try the case. The counsel for the defendant left the courtroom for the purpose of reducing his reasons to writing which he did, and having had a typewritten copy duly verified by an affidavit returned to the court-room which he found closed, the court having adjourned. The case was tried in the absence of counsel and a verdict rendered for the plaintiff on which judgment was subsequently entered. The defendant company moved for a new trial and its counsel filed an affidavit setting forth the facts relative to the application and the denial of the motion for postponement of the trial. The plaintiff filed an affidavit denying some of the allegations in the affidavit of the defendant's counsel, but we do not regard these denials as affecting any of the material facts, the subject of the defendant's complaint here.

We are of opinion that under the circumstances the

motion of the defendant's counsel to postpone the trial of the cause should not have been refused. We must assume in the absence of the denial of record by the plaintiff's counsel that the counsel of the parties did not, for the reasons stated, anticipate that the cause would be reached for trial on the day the list was first called, and that they expected that it would go over until the next day. Of course, this of itself would not be a sufficient reason for the postponement of the trial because it is the duty of counsel to be ready when his case is called, but in view of the condition of the trial list and the understanding of counsel it was a matter for the learned court to take into consideration with the other reasons assigned for the postponement in passing upon the defendant's application. A number of the important witnesses for the defendant who had possession of books and documents essential to the defense resided out of the jurisdiction of the court but were ready and willing to appear when summoned by telephone or telegraph. By reason of the uncertainty of the case being reached on the third of December these witnesses had not been notified to appear until the following day when it was thought, apparently by the counsel of both parties, that the case would be tried. These witnesses had agreed to be present on the fourth of December. In addition to these reasons and one we think which should have appealed to the court was the fact that the defendant's counsel of record was physically unable to take part in the trial of the cause. This is not denied so far as the record discloses. The postponement of the trial for one day would not, so far as appears, have been injurious to the interests of the plaintiff. The case would then have been tried, possibly not by the counsel of record for the defendant, but by other counsel who could have protected his client's interests. The case was tried while the defendant's counsel was absent reducing to writing the reasons in support of his motion for the postponement of the trial. His absence was due to the refusal of the court

to permit the official stenographer to take the counsel's reasons in support of his motion for a postponement. The judgment against the defendant was in effect a judgment by default. It was most important not only to the defendant in the present action, but to the numerous other insurance companies against which the plaintiff had claims arising out of the same fire that the cause be tried on its merits and that the defendant have an opportunity to be heard on its averment that the plaintiff's claim was false and fraudulent. We think the circumstances of the case brought to the court's attention orally by the defendant's counsel required it to grant the motion and postpone the trial of the cause.

The judgment is reversed and a venire facias de novo is awarded.

DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER:

While, on the day the case was reached in its regular turn, one attorney for the defendant was "physically unable to take part in the trial," yet, it appears he had a colleague who was well and able to try; it further appears that counsel for plaintiff did not agree to a continuance. Under the circumstances, I cannot concur in the conclusion that there was an abuse of discretion; therefore, I note my dissent.