# Birdsong *v.* Polinsky, Appellant.

*Practice, C. P.—Refusal to continue case—Discretion of trial judge— Review.*

The appellate court will not review the discretion of a trial judge in refusing to continue a case, where it appears that the case in question was on the trial list with a number of cases ahead of it, that the attorney for the defendant permitted his client and witnesses to leave the court house subject to telephone call, that the case was reached sooner than was expected, and tried before the defendant and his witnesses could reach the court house.

Argued Oct. 8, 1914. Appeal, No. 31, Oct. T., 1914, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1911, No. 514, refusing to continue case of Silas A. Birdsong et al., trading as Birdsong Brothers, v. Henry P. Polinsky. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before AUDENRIED, J.

From the record it appeared that the case was tried in the absence of the defendant. The plaintiffs offered in evidence a copy of the book of original entries and closed. The jury rendered a verdict for plaintiffs for $274.88, upon which judgment was entered. Subsequently the defendant filed the following reasons in support of a motion for a new trial:

1. Because the case was tried in the absence of the defendant and his witnesses, notwithstanding the fact that the defendant, having a full and just defense to the whole of plaintiffs' claim, and always being anxious and willing to try the case, was, at the time of said trial, together with his witnesses, actually on the street cars in this city, on the way to City Hall to attend said trial, but was taken by surprise, in that twelve cases preceding this case on the list of January 7, 1914, were passed without trial upon the call between ten and eleven o'clock A. M. of said January 7; the defendant having been advised in the afternoon of January 6, 1914, by his counsel, Edwin C. Freeman, Esq., that said twelve cases were undisposed of, and that this case, in all likelihood, would not be reached until late in the day of said January 7; but, as a matter of fact, it was the first case tried on said last-named date, the trial thereof lasting only a few minutes.

2. Because, unless permitted by your honorable court, to defend this case, the defendant will be compelled to pay plaintiffs' claim of $374.88, which he does not owe, and against which he expects to be able, if permitted, to successfully defend himself, for the reason that because of plaintiffs' breach of contract and without any fault on the part of the defendant, he never received any of the merchandise claimed for by the plaintiffs, and never received any consideration or anything of value whatsoever from the plaintiffs.

Depositions taken in the case tended to support the grounds alleged for the defendant's failure to appear with his witnesses when the case was called.

*Errors assigned* were in permitting the case to go to trial and in refusing a new trial.

*John W. Best*, with him *Edwin C. Freeman*, for appellant.

No printed brief for appellee.

OPINION BY RICE, P. J., December 7, 1914:

It is not claimed that this cause was not at issue, or that it was not regularly on the trial list or that it was not regularly reached for trial, or that any legal reason for a continuance of the case or a postponement of the trial existed. What is claimed is that the counsel for the defendant after investigation concluded that owing to the number of cases remaining open on the trial list the case "would probably not be reached until late in the day." Acting on that supposition he advised his client that he would notify him by telephone whether the case would be tried in the forenoon or the afternoon and that he should be in readiness to come to court immediately upon receiving such notice. But the case was reached earlier than he expected—a thing which every practicing lawyer knows is likely to happen and which the defendant and his attorney must be deemed to have taken the chance of happening. The postponement of the trial under such circumstances would have been a pure act of grace on the part of the court. To hold that the refusal to grant it was an abuse of discretion would be unjustifiable in principle and would be a precedent tending to hamper trial courts in the exercise of the powers and discretion which are wisely vested in them and which it is necessary that they shall have in order to forward the prompt and orderly administration of justice. The case is plainly distinguishable from Epstein v. Insurance Company of North America, 245 Pa. 132, and from every other case that can be found in the reports where a trial court has been reversed for refusing an application to continue a case or postpone the trial.

The assignments of error are overruled and the judgment is affirmed.