## Davis *v.* Piatt, Appellant.

Argued September 28, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Joseph C. Spriggs,* for appellant.

*Wray G. Zelt, Jr.,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, November 13, 1950:

Plaintiff, W. O. Davis, instituted this action in trespass to recover for personal injuries and property damage sustained when the automobile of defendant, Edwin W. Piatt, travelling at a high rate of speed, proceeded diagonally across a four-lane highway and crashed into plaintiff's automobile at a point on plaintiff's right-hand side of the highway. A jury returned a verdict for plaintiff in amount of $6,554.86. This appeal is from the decree of the court below dismissing defendant's motions for judgment *non obstante veredicto* and for a new trial, and the entry of judgment.

Viewing the evidence in a light most favorable to plaintiff, and granting him the benefit of all reasonable

inferences and deductions to be made therefrom, the following facts are established. Plaintiff, W. O. Davis, on June 8, 1948, was seated in his automobile to the right of Clarence A. Taylor, a friend who was driving the car. Plaintiff's vehicle was proceeding on his extreme right-hand lane in an easterly direction on Route 40, a four-lane highway, about 9:30 p.m. at a speed of 30 to 35 miles per hour. As they were ascending a hill known as Pancake Hill, at a point where the highway curves toward the left, defendant's automobile, proceeding in a westerly direction, suddenly appeared over the crest of the hill, approximately 30 to 40 feet in front of plaintiff's car. Defendant's car proceeded diagonally across the highway and collided with plaintiff's car. The front right side of defendant's car and the front of plaintiff's car were damaged extensively and plaintiff sustained serious personal injuries.

The defendant claimed that the accident happened in an entirely different manner and the testimony adduced on his behalf tended to show that at the time of the collision he and his wife were seated in his car parked on the wrong side of Route 40 facing traffic and plaintiff's oncoming car, with lights on low beam, preparatory to inspecting a house which was for rent in the vicinity, and that his car was so parked for approximately five minutes when plaintiff's car suddenly drove directly into it. But the jury rejected this version of the accident.

Defendant submitted the following point for charge: "If the jury find from the evidence that defendant's automobile was stopped at the curb facing traffic, and on the wrong side of the road, while this would have been a violation of the Automobile Code, yet there can be no recovery by the plaintiff in the present action which would be based upon such wrongful stopping for the reason that the plaintiff complains and his witnesses have all testified as to a different theory of

the collision, namely that defendant drove his car at excessive speed directly into the plaintiff's car." The trial judge refused to affirm the point as stated, but pointed out to the jury that plaintiff did not base his claim for recovery specifically on illegal parking as an item of negligence. The trial judge further stated: "However, in view of the plaintiff's allegation as to how the collision occurred, I would say that his failure to charge parking as a negligent act would very strongly indicate, if the jury find that the defendant was so parked, that the driver of the plaintiff's car did not have his car under such reasonable control as to perceive such a situation and the actual position and inactivity of the defendant's car."

The statement of questions involved does not challenge the sufficiency of the evidence to support the verdict of the jury. Defendant contends that the refusal of the trial judge to affirm the requested point for charge permitted the jury to determine that his own proof of negligent parking was the proximate cause of the accident, thus allowing the jury to return a verdict for plaintiff based on negligence not averred in the complaint. Appellant states in his brief: "The objection of defendant to the ruling upon defendant's point . . . is that it permitted the jury to seek for and fasten upon the defendant a charge of negligence not averred by plaintiff." The trial judge did not commit reversible error in refusing to affirm this point.

Plaintiff averred, *inter alia,* that defendant was negligent in "coming across the highway to the plaintiff's side of the highway at an excessive rate of speed". This averment was established by the testimony of plaintiff himself and was corroborated by the testimony of Taylor, the driver of his car, and Harry Jordan, a disinterested witness who was driving 30 to 40 feet behind plaintiff's car. Jordan stated that he saw defendant's car coming toward plaintiff's right-hand lane of

traffic travelling about 70 to 75 miles per hour. Defendant and his witnesses sought to establish that he was negligently parked in violation of The Vehicle Code, and that plaintiff drove into him. In these circumstances, it is obvious that there was no variance between the *allegata* and *probata*. The respective versions as regards the happening of the accident were peculiarly for the jury and it has determined that it occurred as appellee alleged and proved.

The charge of the trial judge has been carefully considered and when read in its entirety indicates that appellant received more favorable consideration therein than that to which he might ordinarily have been entitled. The trial judge at one point stated: "If you find that the collision occurred as the defendant says it occurred, that the defendant had parked in the position he claims to have been parked, even though that parking in that position was prohibited—yet if Taylor under those facts, had a reasonable opportunity to observe the position of defendant's car and to avoid the collision, and failed to do so, then if you also determine the plaintiff to have been in charge of the operation of the car, the plaintiff would be guilty of contributory negligence and may not recover". Clearly, the subject matter contained in the rejected point for charge was thus presented to the jury in a manner most favorable to appellant. This portion of the charge took away from the jury the possibility of returning a verdict against appellant based on appellant's self-asserted negligent parking. Appellant received greater assistance from the trial judge than he himself requested.

We need not determine whether the point for charge was proper. It is sufficient that the substance thereof was fully covered in the general charge, and where this appears it is not error for the trial judge to refuse to affirm the requested point: *Moyer v. Blue*

*Mountain Electric Co.,* 294 Pa. 265, 144 A. 131; *Brown v. Bahl,* 111 Pa. Superior Ct. 598, 170 A. 346.

There is ample evidence to sustain the verdict of the jury and the trial judge did not commit reversible error in refusing appellant's point for charge.

Judgment affirmed.