## Betz *v.* Sykes, Appellant.

Argued October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*S. Walter Foulkrod, Jr.,* with him *Hubert P. Earle,* for appellant.

*Paul Maloney,* for appellee.

OPINION BY HIRT, J., November 16, 1955:

Defendant and three other individuals each owned one-fourth of the capital stock of Edelen and Boyer Company, a Pennsylvania Corporation. Because of serious disagreement with his associates defendant decided to dispose of his stock and he requested plaintiff, a registered securities broker, to sell it for him. Defendant agreed to pay him for the service but the amount of the fee was not stipulated. Plaintiff sold the stock for $16,000. Since there was no agreement as to fees in a definite amount, plaintiff, if he could recover anything, was entitled to receive the fair value of his services. Restatement, Agency, §443. After the sale defendant finally repudiated a tentative agreement as to the amount of the earned fee and sent plaintiff his check for $250. Plaintiff refused the check as inadequate and brought this action to recover the fair value of his services. Since defendant's holding was a minority interest in a small corporation there was no general market for the stock. At the trial there was uncontradictory testimony of plaintiff and of another broker, who was entirely disinterested, that a broker's commission in this class of sales range from 5% to 10% of the sale price. The jury returned a verdict of $880 for the plaintiff. The verdict as to amount is fully supported by the evidence. Defendant however now contends that plaintiff is not entitled to anything. In this appeal from the refusal of a new trial his complaint goes entirely to alleged errors in the charge of the court. His argument however completely ignores the effect of the verdict of the jury in establishing controlling facts which he may not now question. The principle is so firmly embedded in our law that we hardly need be reminded that: "It is a rule of universal application that evidence and the inferences logically deducible therefrom must always be considered in the

light of the jury's verdict: Fisher v. Hill, 362 Pa. 286, 66 A. 2d 275": *Deli et ux. v. Chadderton et al.,* 365 Pa. 102, 74 A. 2d 102. The judgment entered on the verdict will be affirmed.

In the light of the verdict it must be taken as established that plaintiff negotiated the sale of defendant's stock to the three other stockholders, as individuals, and that the down payment of $2,700 was their money; that the corporation was later named in the stock certificate as transferee at the defendant's request to which the other stockholders, who were the real purchasers, assented. The evidence is that this method of consummating the sale was agreed upon because defendant preferred the corporation's notes to those of his former associates. The notes have been paid and whether the stock has been transferred by the corporation to the individual purchasers is unimportant.

Plaintiff had been employed by Edelen and Boyer Company as financial advisor to the corporation at an annual fee of $300. Undoubtedly to keep him intimately informed as to the affairs of the corporation he was given one qualifying share of stock and was made a member of the Board of Directors. It was defendant's position at the trial that plaintiff sold defendant's stock to the corporation and that because of his status as a director and stockholder he was charged with double dealing in representing both the buyer and the seller. On that ground defendant contends that plaintiff is not entitled to any commission on the sale. Of course the rule is that an agent cannot represent two principals in the same transaction involving an exercise of discretion where the interests of the parties are fundamentally conflicting unless the agent makes full disclosure of his conflicting interest or both parties, with full knowledge of the dual repre-

sentation, consent to it. *Rice v. Davis,* 136 Pa. 439, 20 A. 513.

The defendant quotes the following from the charge of the court and contends that the instructions were inadequate as to the good faith required of an agent: "You see, an agent, every agent owes to his employer a loyal performance of his duty, and ordinarily, a conflict of interest would prevent that performance. But, if both principals, both employers, know that that is the situation, and there is that conflict of interest, and knowing of that conflict of interest still retain him, he can be paid, and he under those circumstances can require payment for services rendered by both sides." The excerpt is a correct statement of the law but it is only a part of the instructions on the subject of good faith which cover two full pages in the transcribed record. Preceding the above statement the court called the jury's attention to the fact that plaintiff was a director in the corporation and emphasized the principle that in general "a person cannot be an agent to buy and sell at the same time . . . One cannot serve faithfully two masters whose interests are contradictory." The charge adequately submitted the question whether the plaintiff did actually represent both the corporation as buyer and the seller in this case and if so whether the defendant knew of the dual representation and consented to it. And finally, when defendant's counsel at the close of the charge stated: "If your Honor please, your Honor has told the Jury, under certain circumstances the plaintiff is entitled to be paid. I think, sir, they should also be instructed that they must find that the plaintiff acted in good faith", the trial judge replied: "I have predicated that all the way through." The charge as a whole confirms the statement. Moreover the evidence clearly charges defendant with knowledge of plaintiff's relationship to the

corporation. Both sat on the same board of directors and defendant knew of plaintiff's engagement as an advisor to the corporation for it was defendant who secured the job for him. Defendant must have had his associates in mind as prospective purchasers of his stock and, as we have noted, it was he who requested that title to his stock be taken by the corporation.

Accordingly the trial judge properly refused the defendant's second point for charge presented in this language: "If you find that the plaintiff undertook to act for the defendant as well as for Edelen and Boyer Company regarding the sale of the defendant's stock to the company, then your verdict must be for the defendant." One of the stockholders who negotiated with plaintiff for the purchase of the stock, who also was secretary of the corporation, testified that plaintiff did not represent him nor his associates in the transaction and that plaintiff was not a buying agent for the corporation. Presumably from the verdict the jury believed this testimony, in connection with other evidence to the same effect, thus removing the question of conflict of interest from the case. But in any view the defendant was not entitled to an unqualified affirmance of the point in the light of the settled principle of *Rice v. Davis,* supra. Cf. also, *Rossi v. Firemen's Insurance Co.,* 310 Pa. 242, 165 A. 16; *Warner Company v. MacMullen,* 381 Pa. 22, 112 A. 2d 74.

So also the trial judge did not err in refusing defendant's third point requesting further emphasis on the duty of plaintiff ". . . to serve the defendant with the utmost good faith and loyalty." As we have indicated the subject of good faith was adequately covered in the general instructions, and the trial judge was not required to reiterate the principle involved. *Davis v. Piatt,* 365 Pa. 538, 76 A. 2d 215.

Defendant's fourth point also was objectionable and was properly refused. It assumed that plaintiff had attempted to act for both parties—for both the corporation and for the defendant—and that their interests were adverse. The uncontradicted testimony, as we have noted, is that plaintiff dealt with the other three stockholders as individuals and that the stock was transferred to the corporation as the nominal purchaser merely. A point for charge must have some relation to the facts as established by evidence in the case.

Finally, defendant's fifth point was properly refused. The point amounted to a request for binding instructions for the defendant on the ground that because plaintiff was a director of the corporation his contract with the defendant to sell the stock to the corporation offended against public policy because of his fiduciary relationship to the corporation. The point assumed a fact in dispute as to whether plaintiff was engaged to sell the stock to the corporation which the jury resolved in his favor.

All of the issues of fact in this case were submitted to the jury fairly by the trial judge in language which could not be misunderstood. The law was properly applied. There is no merit in any of the alleged errors which defendant asserts as grounds for a new trial.

Judgment affirmed.