## Ludwig v. Philadelphia Transportation Co.

*Richter, Lord & Levy*, for plaintiff.

*William J. McKinley, Jr., James F. Lawler*, Assistant City Solicitor, and *David Berger*, City Solicitor, for defendants.

WEINROTT, J., March 26, 1958.—Plaintiff's action in trespass names Philadelphia Transportation Company and City of Philadelphia as defendants. Both of said defendants duly entered appearances. Defendant, City of Philadelphia, propounded to plaintiff the following interrogatory:

"12. State the names and addresses of all witnesses known to you, your attorney or other representatives:

"(a) Who actually saw all or any part of the accident.

"(b) Who have any knowledge concerning the facts of the accident, in addition to the persons named above.

"(c) All other witnesses upon whom you will rely to prove your case."

Plaintiff filed objections to (b) and (c) of this interrogatory; however, he does not press his objection to no. 12 (b).

It is plaintiff's contention that the information sought by defendant city was secured by plaintiff in anticipation of litigation and preparation for trial and is, therefore, in violation of Pa. R. C. P. 4011 ($d$).

The effect of defendant's interrogatory is to request the discovery of all witnesses whom plaintiff will call at trial. Pa. R. C. P. 4007 permits the discovery of any person including a party for the purpose of obtaining information as to the identity and whereabouts of witnesses. This rule permits the discovery of witnesses substantially without limitation for it is only when you proceed beyond identity and whereabouts of witnesses that the limitations of Pa. R. C. P. 4011 become applicable.

A request for the discovery of witnesses whom the adverse party will call at trial presents certain inherent difficulties. Plaintiff may not know at the time of his answer precisely the witnesses he will call. Moreover, he may discover additional witnesses subsequent to the date when he gives his answer. The rule must be reasonably applied for the purpose of divulging the names of witnesses in advance so as to reduce the element of surprise at the trial. It should not be used as a snare or trap requiring plaintiff to be bound by his answer, so that he would be required to subpoena and call as a witness every person whom he lists in his answer. He should not be prevented from calling other persons not named if he discovers them subsequently.

To require the names of all the witnesses upon whom plaintiff will rely to prove his case may disclose the existence of reports, information and other things of certain experts who did not actually witness the occurrence but who would, or might be, called as expert

·witnesses at the time of trial. This could, by indirection, permit the disclosure of the existence of reports, information and other things which information could not be obtained without violating Pa. R. C. P. 4011(d). While it may be argued that to know the identity of all the witnesses whom the other party will call at the trial will permit of more adequate preparation for cross-examination and for the introduction of rebuttal testimony, we believe such a request is prohibited by Pa. R. C. P. 4011(d).

The Federal courts have permitted probing into the names of persons who are witnesses in the common meaning of the word, but the majority of the Federal judiciary have denied the parties the right to require of his opponent the names of the persons whom he intends to call at trial.

It is true that in Ginsburg v. Lavin, 2 D. & C. 2d 644, Judge Oliver permitted discovery of the names of all the witnesses that plaintiff intended to call at the trial of the case, but unusual circumstances prevailed there and this is as far as the rule has been drawn in any case. Moreover, the discovery rules frequently have only an ad hoc application. We do not believe the rule should exceed the bounds of the names of the persons who are *intended* or *might* be called, and then only in special circumstances if the trial justifies it: Goodrich-Amram Civ. Pract. §4007(a) 6, p. 99. No such basis has been presented here.

However, neither party should be required to jeopardize his position at trial by requiring him to state unequivocally the names of all the witnesses upon whom he *will* rely to prove his case.

In view of the foregoing, we conclude that plaintiff's objection to interrogatory no. 12(c), propounded by defendant, City of Philadelphia, should be sustained and enter the following:

*Order*

And now, to wit, March 26, 1958, plaintiff's objection to interrogatory no. 12(c) propounded by defendant, City of Philadelphia, is sustained.