## Ross v. Lister

*Richter, Lord & Levy,* for plaintiffs.

*Rawle & Henderson,* for defendant.

*Victor L. Drexel,* for additional defendant.

FLOOD, P. J., December 17, 1959.—Plaintiffs object to the following interrogatories filed by defendant:

"10. State the names and addresses of all persons presently known to you whom it is your present intention to call as witnesses at the trial of this case."

"34. State the particular act or acts or omission or omissions which you claim fixes liability upon defendant."

I. The tenth interrogatory differs from the usual inquiry concerning all fact witnesses known to the answering party. Interrogatory number 2, which asks the names and addresses of all persons known to plaintiffs who have knowledge of the facts, has not been objected to. But interrogatory number 10 is opposed upon the ground that it is not limited to fact witnesses, is an apparent attempt to limit plaintiffs in advance as to the fact witnesses whom they will call and would require disclosure of any expert witnesses to be called at trial.

In Ludwig v. Philadelphia Transportation Co., 14 D. & C. 2d 432 (1958), Judge Weinrott sustained an objection to discovery of the witnesses upon whom a party would rely on the grounds that: (1) A party may not know at the time of his answer precisely the witnesses he will call; (2) he may discover other witnesses subsequent to the date when he gives his answer; and (3) the answering party might be bound by his answer and kept from making changes in his roster of witnesses. In Weil v. Philadelphia, C. P. 7; December term, 1957, no. 729, and Ehrlich v. Philadelphia, C. P. No. 4, March term, 1957, no. 5111, objections to like inquiries were sustained without opinion.

On the other hand, Judge Oliver in Ginsburg v. Lavin, 2 D. & C. 2d 644 (1955), without discussion,

permitted discovery of the names of all witnesses whom plaintiff intended to call.

This problem has been raised frequently in the Federal courts where objections to such an interrogatory were sustained in the majority of instances, for reasons similar to those expressed by Judge Weinrott in the Ludwig case. See, e. g., Aktiebolaget Vargos v. Clark (D. D. C., 1949), 12 F. R. Serv. 33.31, Case 1, 8 F. R. D. 635; McNamara v. Erschen (D. Del., 1948), 12 F. R. Serv. 33.316, Case 1, 8 F. R. D. 427; Cogdill v. Tennessee Valley Authority (E. D. Tenn., 1947), 10 F. R. Serv., 26b.211, Case 5, 7 F. R. D. 411; Coca Cola Co. v. Dixi-Cola Laboratories, Inc. (D. Md., 1939), 30 F. Supp. 275, 2 F. R. Serv. 33.31, Case 3.

The opposite conclusion has been reached in only one court: Kling v. Southern Bell Tel. & Tel. Co. (S. D. Fla., 1949), 13 F. R. Serv. 33.316, case 2, 9 F. R. D. 604; Abbott v. Seaman (S. D. Fla., No. 1572 J. Civil, June 23, 1949); Nicklas v. Western Union Telegraph Co. (S. D. Fla., No. 1183-J Civil, March 4, 1947).

The minority view is preferred by authoritative textwriters. See Goodrich-Amram, §4007(a)-6; 4 Moore's Fed. Practice, §26.19. But it is to be noted that both these authorities suggest that such interrogatories should not be propounded at an early stage in the trial. And in McNamara v. Erschen, supra, in refusing to allow the interrogatory, Judge Rodney said: —"[t]he exact witness by whom a relevant fact may be proven at the trial must depend, after consideration of many questions, upon the judgment, discretion and mental processes of the legal counsel who will actively conduct the litigation. The conduct of the trial by the counsel with the subsequent mental determination of what precise witnesses are best available to prove a relevant fact should not be circumscribed by compelling a party to state, at an early stage, the trial witnesses to be later examined by counsel."

We have before us two questions with relation to this interrogatory: (1) Is the word "witnesses" to be interpreted as requiring the discovery not merely of lay persons having knowledge of relevant facts (the language of Federal rule 26(*b*)), but also of expert witnesses? (2) Does it give a party the right to know whom his adversary intends to call?

1. The author of 4 Goodrich-Amram Procedural Rules Service, §4007(*a*)-4, takes the position that the phrase "identity and whereabouts of witnesses" is broader in its coverage than the corresponding phrase "persons having knowledge of the facts" in Fed. R. C. P. 26(*b*). He cites Moore and notes two possible purposes for the rule: (1) In the preliminary stages, to give all parties equal access to all persons having relevant information; (2) in the immediate pretrial stage to let each party know the identity of the witnesses whom the other party will call at the trial. He concludes that the word "witnesses" in our rule not only covers the first purpose, but is more apt to cover the second purpose than the language of the Federal rule.

2. To solve these problems properly under our rules, we have to consider the interrelation of rules 4005, 4007 and 4011. Rule 4005(*c*) allows interrogatories relating to any matters which can be inquired into under rule 4007. Rule 4005(*a*) subjects all interrogatories to the provisions of rule 4011. Rule 4007(*a*), in its second sentence, allows discovery of any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation for trial. This discovery is specifically made subject to the provisions of section 4011. In its first sentence, rule 4007(*a*) allows discovery upon oral examination or written interrogatories of the identity and whereabouts of witnesses. The sentence contains no reference to limitation by rule 4011. Finally it should be

noted that rule 4011(d), which prohibits the compulsory discovery of material or information secured in anticipation of litigation or in preparation for trial, specifically excepts information as to the identity and whereabouts of witnesses. We thus see that a party may compel the disclosure of the identity and whereabouts of witnesses, even if procured in anticipation of litigation or preparation for trial.

However, since under 4005(a) all interrogatories to the adverse party are subject to rule 4011, it seems that inquiries as to witnesses in such interrogatories are subject to all the subsections of rule 4011 except 4011(d) which specifically excepts them. But the discovery sought here obviously does not fall under the ban of rule 4011(a), (c) or (e). There remains the question as to whether it should be prohibited because of the provisions of 4011(b), as causing unreasonable annoyance, embarrassment, expense or oppression to the adverse party.

It is hard to conceive that any inquiry as to the identity or whereabouts of any witnesses to the facts would fall under the ban of 4011(b). But the same question is not so easily answered as to expert opinion witnesses, or the inquiry as to who will be called by the adverse party.

We follow Goodrich-Amram in thinking that the answering party should disclose the names of all fact witnesses whom he intends to call, but the question remains as to when such disclosure should be compelled. Certainly the inquiring party cannot restrict his opponent so that he will be bound in any manner by the list of potential witnesses he submits in answer to this question. Defendant demands that his interrogatories be treated as continuing so as to require the answering party to apprise him of any change of plans. On balance we do not think that any benefit that might flow from the discovery of prospective trial witnesses

at a time when the choice made is tentative only and subject to change is such as to outweigh the difficulty and inconvenience likely to be suffered by the answering party from a compulsion to inform his opponent of each change in his plans as it is made. Presumably he would only finally mature his plans on the trial date and might then nullify the information previously given.

3. To compel the discovery asked for at this time would, we think, be a violation of rule 4011(b). The cause of the "annoyance" disappears, however, as the trial approaches and the attorneys have determined almost certainly who their witnesses will be. Under our mandatory pretrial conference system, it is assumed that cases will be in the final stages of preparation at conference time. Thus, disclosure of the witnesses who will be called could be made at that time without undue hardship. And to make the conference properly serve its purpose, such discovery should be made at that time. Permitting the discovery, at the conference, of witnesses to be called at trial is not only an aid to the elimination of surprise, but may also add to the effectiveness of the conference. And any later change of plan as to what witnesses are to be called should be communicated to the adversary.

4. We have found no discussion in the cases or by the textwriters as to this interrogatory insofar as it calls for the disclosure of expert or opinion witnesses. Here the reasons which dictate the elimination of discovery of the identity and whereabouts of persons having knowledge of relevant facts from the limitations of rule 4011(d) are of doubtful application. The testimony of expert witnesses who have no personal knowledge of the facts of the accident, whose opinions have been secured in anticipation of the trial, constitute an archetype of the material which is protected

from compulsory disclosure by rule 4011($d$). Should we then expand the meaning of the phrase "identity and whereabouts of witnesses" to include such opinion witnesses? We have recently held that the disclosure of the opinions of such witnesses cannot be compelled by interrogatories: Coafau v. Phillips, 18 D. & C. 2d 675 (1959). Whether we should compel the disclosure of their names is a more difficult question.

In our opinion the identity of such witnesses, like all other witnesses to be called at the trial, should be revealed at the pretrial conference, but their discovery should not be compelled earlier. Their discovery at the conference is called for to make effective the provisions of Pa. R. C. P. 212($d$) which requires the attorneys for the parties at the conference to consider the limitation of the number of expert witnesses. Beyond this, it seems proper that their identity should be revealed at that time to enable the adversary to learn the qualifications of the expert and prepare himself to cross-examine him and to eliminate the surprise at the trial which the rules are designed to obviate.

We conclude that the objections to interrogatory number 10 should be sustained at this time, but the information sought therein should be given to defendant at the pretrial conference.

II. By his thirty-fourth interrogatory defendant seeks to have plaintiffs state the particular act or acts, omission or omissions which they claim fixes liability upon defendant. We fail to see that this falls within any of the provisions of our discovery rules. A party cannot be required, any more than any other witnesses, to disclose anything other than what he himself knows of the facts and the identity and whereabouts of his witnesses. To answer this interrogatory properly, plaintiffs would be required to say what they thought their witnesses were going to testify to, or

at least to summarize such expected testimony. This they are not required to do.

This interrogatory really attempts to compel plaintiffs to file a much more specific statement of their case than they are required to do by Pa. R. C. P. 1019 as it has been construed by our courts. Plaintiffs cannot be required to disclose what they think their witnesses will say. If defendant wants to know this, he must take the depositions of those witnesses whose identity and whereabouts have already been disclosed to him. The attempted short-cut in this interrogatory which asks plaintiff to summarize what his witnesses are going to testify to is without authority in the rules, and the objection to it must be sustained.

In Barlow v. Waples, 82 D. & C. 1 (1952), we observed that the discovery rules then in effect did not provide that the parties might procure a script for the trial. Under the rules then in effect, we held that a party might not require his opponent to give his own version of the occurrence when all parties were present. Now the rules have been broadened: 376 Pa. lxxxix et seq. No longer is the party limited to depositions "to discover facts" (see 365 Pa. xli et seq.), but may have discovery of "any matter not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation . . . of the case." And the former rule 4011(c), prohibiting discovery of facts which "are known to the petitioner," has been eliminated. Consequently, it is no longer a ground for refusing discovery or depositions that only the opposite party's version of the occurrence is sought, provided that only facts within its own knowledge are sought. However, the changes do not go as far as to require his statement under oath as to what he thinks his witnesses will testify.

The objections to interrogatories numbered 10 and 34 are sustained.