## Poulson *v.* Gamble, Appellant.

Argued December 14, 1961. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

Before GLEESON, J.

*Sheldon Tabb,* for appellant.

*Hugh M. Odza,* with him *David Cohen,* for appellees.

OPINION BY RHODES, P. J., March 21, 1962:

This is a trespass action tried before Judge GLEESON and a jury. The minor plaintiff, Lorraine Poulson, a three-year-old child, was struck and severely injured in the cartway of the street in front of premises at 4326 Wyalusing Avenue, Philadelphia. A verdict of $3,500 was returned for the minor plaintiff and her parents as guardians, and a verdict of $2,225.10 for the parents in their own right. Defendant's motions for new trial and for judgment n.o.v. were overruled, and judgments entered on the verdicts. Defendant has taken appeals to this Court from the judgments entered on the verdicts.

There was no error in overruling appellant's motions for judgment n.o.v. and for a new trial.

The evidence produced at the trial, viewed in a light most favorable to plaintiffs, shows the following: Appellant resided in the 4200 block of Wyalusing Avenue and was driving west to pick up his wife who worked in Upper Darby. The accident occurred about 4:15 p.m. on September 1, 1960. The minor plaintiff, who had been entrusted at the time by the father to the care of her thirteen-year-old sister, Phyllis Poulson, was struck by the left front of appellant's car in the roadway in front of 4326 Wyalusing Avenue. The child's

injuries included fracture of the right femur, fractures of the skull, and lacerations of the face. Appellant was called by plaintiffs as on cross-examination, and testified that cars were solidly parked on both sides of the street; that he saw no children on the sidewalk or in the street; that the child came out from between parked cars and was not observed until she was within eight inches of his left front fender; and that proceeding at a speed of fifteen miles per hour he stopped within "about four feet." However, in a statement to the investigating police officer following the accident, appellant said he was traveling 25 miles per hour with cars parked on both sides of the street and observed children playing in this block.

The issue of negligence turned on the presence of children in this area at the time of the accident and whether cars were parked solidly or with sufficient intervening space to permit appellant to observe the child coming into the street. Under the evidence the question of appellant's negligence was clearly a factual one for determination by the jury.[1] A duty is imposed on the operator of a motor vehicle to exercise a high degree of care where there is a reasonable apprehension that a child may run into a place of danger. *Geiger v. Schneyer*, 398 Pa. 69, 75, 157 A. 2d 56; *Smith v. Waldman*, 193 Pa. Superior Ct. 166, 170, 164 A. 2d 20. If appellant could have observed the child a sufficient length of time to stop and avoid the accident, he would have been negligent in not so doing. *Cason v. Smith*, 188 Pa. Superior Ct. 376, 380, 146 A. 2d 634. A prior inconsistent statement by appellant as a party to the proceeding could be used not only to impeach his testimony at trial, but also as substantive proof of negligence. *Geiger v. Schneyer*, supra, 398 Pa. 69, 73, 157 A. 2d 56.

---

[1] We have discussed refusal of appellant's motion for judgment n.o.v. which point appellant argues in his brief but does not include in his statement of questions involved.

Appellant claims the trial judge abused his discretion in refusing a continuance, and allowing four witnesses to testify for plaintiff when appellant did not know the names of these witnesses until the day before trial. On oral depositions taken on December 21, 1960, before the trial on May 17, 1961, the names of these four witnesses were not disclosed, and counsel for the respective parties agreed at the time of the depositions that there were no other witnesses to be produced by either side as of that time. At the trial, the trial judge, over appellant's objection, permitted these witnesses to testify. The trial judge permitted these witnesses, who were not eyewitnesses, to testify as to conditions immediately before and after the accident, but limited their testimony as to the presence of children in the vicinity to children on the sidewalk and not in the street. The testimony of these witnesses was admitted on the theory that it was in substance rebuttal testimony.

In refusing a continuance and permitting these four witnesses to testify as limited, the trial judge acted entirely within his discretionary power; and appellant, as we view the record, suffered no prejudice as a result of the ruling of the trial judge in this respect. Appellant did not avail himself of the remedy of discovery, apparently relying on the agreement of counsel as to disclosure of witnesses at the time of depositions six months before trial. It is generally recognized that the rules for discovery and disclosure of witnesses prior to trial must be reasonably applied for the purpose of divulging the names of witnesses in advance so as to reduce the element of surprise at trial. See *Ludwig v. Philadelphia Transportation Company*, 14 Pa. D. & C. 2d 432, 433. A party need not state unequivocally the names of all witnesses upon whom he will rely to prove his case, especially if these witnesses are not eyewitnesses or fact witnesses. Cf. *Ross v. Lister*, 21 Pa. D. & C. 2d 51. Application of rules relating to discovery

and disclosure of witnesses prior to trial must necessarily be left to the sound discretion of the trial court in the first instance. A trial court's action in refusing a continuance on the ground of surprise will not be reversed except for abuse of discretion. *Roebling's Sons Company v. American Amusement & Construction Company,* 231 Pa. 261, 267, 80 A. 647; *Birdsong v. Polinsky,* 58 Pa. Superior Ct. 515, 517.

Appellant states that the trial judge erred in refusing his third point for charge which stated, inter alia: "When the parents of a child three years of age commits the care of that child to an older child in the family 13 years of age and the child three years of age is injured through the negligence of the older child, that negligence will be imputed to the parents." This point was properly refused as not in issue and as inapplicable to the case. There is a rebuttable presumption that minors under fourteen years of age are incapable of negligence. *Kuhns v. Brugger,* 390 Pa. 331, 340, 135 A. 2d 395. There was no evidence produced to rebut this presumption and to show negligence upon the part of Mary Poulson, then thirteen years of age, or Phyllis Poulson, then twelve, to whom the minor plaintiff, Lorraine Poulson, had been entrusted. Consequently, the question was not and should not have been submitted to the jury. The trial judge here did specifically submit to the jury the question of the parents' possible contributory negligence in entrusting their three-year-old daughter to the care of Phyllis under conditions as they were at the time of the accident. Under the facts of the case, the possible contributory negligence of the parents on this ground was an issue for the jury and was properly submitted to it by the trial judge. *Mackovitch v. Becker,* 93 Pa. Superior Ct. 514; *Davis v. Westmoreland County Railway Company,* 222 Pa. 356, 71 A. 538.

Finally, we find no error in the trial judge's refusal of appellant's second point for charge which read in part: "The operator of a motor vehicle is not bound under all circumstances to anticipate . . . that . . . a child will suddenly dart from the sidewalk and run across the street immediately in front of or to the side of a motor vehicle." This point was satisfactorily covered in the charge of the court when it was made clear to the jury that, if the child darted out from behind a parked car and appellant was using due care in driving, no negligence would arise. It is not necessary to answer a point for charge specifically where the substance thereof has been stated in the general charge of the court. *Balin v. Kimmelman,* 295 Pa. 301, 305, 145 A. 303; *Davis v. Piatt,* 365 Pa. 538, 541, 76 A. 2d 215; *Brown v. Jones,* 138 Pa. Superior Ct. 350, 355, 10 A. 2d 839.

Judgments are affirmed.