## Houck v. Kaspar

*Cooper, Friedman & Butler*, for plaintiff.

*Metzger, Wickersham, Knauss & Erb*, for defendant.

WEIDNER, *J.*, June 4, 1975—At issue in this proceeding, a malpractice suit, is the permissible scope of information which may be elicited by way of interrogatories. More specifically, plaintiff Marion Houck has taken objection to 12 of the 20 interrogatories propounded by her physician, defendant Gerald D. Kaspar, at the conclusion of the pleadings.

The disputed interrogatories may be grouped, albeit roughly, into two classes: (1) interrogatories 1 through 5, inclusive, seek the detailed disclosure of the nature and source of all information received by plaintiff Houck which is critical of the treatment administered by defendant Kaspar; and (2) interrogatories 7 through 9, and 17 through 20, inclusive, seek the detailed disclosure of the identity, qualifications, whereabouts, and opinions of all persons, including experts, whom plaintiff Houck has consulted.

Plaintiff Houck acknowledges the broadly inclusive reach of the discovery permitted by Pa. R.C.P. 4005 and 4007, but argues that the disputed interrogatories exceed the limits which Pa. R.C.P. 4011(d) imposes upon those rules. The argument is bolstered by the further claim that, to the degree the interrogatories request identification of expert witnesses, the interrogatories have been prematurely propounded.

Having considered defendant Kaspar's interrogatories in light of Pa. R.C.P. 4005, 4007, and 4011(d), controlling authorities, and the parties' arguments, the court believes that plaintiff Houck's objections are well-taken, and should, therefore, be sustained.

## DISCUSSION

By Pa. R.C.P. 4005 and 4007, a party is given the far-reaching right to seek out before trial information in an opponent's possession, even though that information may be inadmissible at trial. For example, in Szarmack v. Welch, 456 Pa. 293, 318 A. 2d 707 (1974), the limits of an adversary's insurance coverage were held to be discoverable. "But discovery, like all matters of procedure, has ultimate and necessary boundaries.": Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L.Ed. 451 (1947). One pertinent boundary is articulated by Pa. R.C.P. 4011(d), which removes ". . . information . . . secured . . . in anticipation of litigation . . ." from the class of information which is otherwise discoverable.

Although the life of Pa. R.C.P. 4011(d) has been a litigious one, the rule has been uniformly applied in two defined contexts. First, it is clear that, in the absence of statute (Lutsko v. Department of Transportation, 13 Pa. Commonwealth Ct. 150

(1974)), Pa. R.C.P. 4011(d) protects technical information which is exclusively within the knowledge of one's expert witnesses: Luken v. Entine, 65 D. & C. 2d 100 (Phila. Co., 1974) (plaintiff in malpractice case need not disclose the texts on which he will rely). Thus, in Coffey v. Faix, 426 Pa. 421 (1967), a local rule of court which required disclosure of experts' reports was sustained, but only on the theory that it could not reach medical experts' opinions as to the adequacy of the treatment administered by the defendant physician.

Second, the principle is equally clear that the immunity conferred by Pa. R.C.P. 4011(d) extends to the identity of persons consulted in preparation for trial. Accordingly, in Nissley v. Pennsylvania Railroad Co., 435 Pa. 503, 259 A. 2d 451 (1968); cert. denied, 397 U.S. 1078, 90 S. Ct. 1538, 25 L.Ed. 2d 813 (1970), the court distinguished between the discovery of witnesses and the discovery of consultants. As to the latter, the court commented that "[t]his is exactly the type of discovery which is condemned by Rule 4011(d).": 435 Pa. at 508.

Weighed against these principles, both classes of the interrogatories here disputed must be deemed to exceed the boundaries which Pa. R.C.P. 4011(d) imposes upon Pa. R.C.P. 4005 and 4007. Indeed, a contrary result would not only license blatant invasions of the restricted sphere of privacy which necessarily envelops counsel's preparation for trial (Hickman v. Taylor, 329 U.S. at 510, 67 S. Ct. 385, 91 L.Ed. 451), but would also push the policy of Pa. R.C.P. 4005 and 4007 to improvident limits. See Szarmack v. Welch, supra., at 296.

The court further finds that defendant Kaspar's interrogatories have prematurely requested identification of plaintiff Houck's expert witnesses.

While the compulsory identification of witnesses on the eve of trial may be a necessary incident of the procedural fairness insured by Pa. R.C.P. 4005 and 4007 (see Nissley v. Pennsylvania Railroad Co., supra), a party's needs for such information during the formative and embryonic stages of litigation are plainly minimal. It follows then, that pretrial access to the identity of an opponent's expert witnesses is a matter properly subject to the court's discretion: Poulson v. Gamble, 197 Pa. Superior Ct. 300, 304, 178 A. 2d 839 (1962); Ludwig v. Philadelphia Transportation Co., 14 D. & C. 2d 432 (Phila. Co. 1958). In the exercise of such discretion, the court believes that plaintiff Houck should not be required to identify her expert witnesses until the instant proceeding has progressed to the pretrial stage.

## ORDER

And now, June 4, 1975, the objections to defendant Kaspar's interrogatories 1 through 5, 7 through 9, and 17 through 20 be and are hereby sustained.